### J. A. GAFFORD JR. v. L. B. HALL.

1. FINDINGS AND VERDICT, *When Conclusive.* Where a question is submitted to a jury, and there is some competent evidence submitted to support the findings and verdict thereon, *held,* such findings and verdict when approved by the trial court are conclusive.

2. NOTE — *Collateral Security — Action — Complete Defense.* Where H. and L. are partners, and for the purpose of protecting the partnership property from being attached by the creditors of L., a contract is made between them that H. shall conduct the business in his own name and account to L. for one-half the proceeds thereof; and H., to secure L. in such arrangement, executes to L. his promissory note, and L. indorses said note as collateral security to G.; and afterward H. and L. make a settlement of their partnership, by the terms of which settlement L. is to turn over said note to H., and G. received the note with full knowledge of all the facts: *Held,* In an action by G. against H., such allegations, if true, are a complete defense to the note.

3. ERRONEOUS INSTRUCTION — *No Exception — Error Waived.* Where, in an action on a promissory note, claimed to have been transferred by the payee before maturity, without notice of any defense thereto, and the court instructs the jury that the burden is upon the plaintiff to establish such fact, *held,* error; and *further held,* that where no exceptions are saved to the instructions, the error is waived.

*Error from Republic District Court.*

ACTION brought by *J. A. Gafford jr.* against *L. B. Hall,* on a promissory note executed by Hall to one Leslie, and afterward transferred by Leslie as collateral security to the

plaintiff. The defendant admitted the execution of the note sued on, but alleged as a defense thereto that at the time of the execution of the note, and for a long time thereafter, he and Leslie were partners doing business under the firm-name of Hall & Leslie; that Leslie had become involved in a grain speculation, and for the purpose of preventing said partnership from being disturbed and the defendant from being annoyed by attachment proceedings, an agreement was made by and between defendant and Leslie, by the terms of which the business was to be carried on in the name of the defendant, and Leslie was not to be known in the business, but was to retain his interest in the business and share in the profits; that this note was executed as security that defendant would so conduct said business and account for the proceeds; that afterward said business was wound up and a satisfactory settlement made by and between said defendant and Leslie, and Leslie was to surrender and deliver up said note; that the note was given without any other or further consideration; that all of said facts were known to plaintiff long before the pretended transfer of the note from Leslie to plaintiff; and that said note was transferred by Leslie long after the settlement of said partnership business between defendant and Leslie: all of which was denied by the reply of the plaintiff. Trial by jury, at the January term, 1886, and judgment for the defendant. Plaintiff brings the case here.

*A. E. Taylor, T. S. C. Cooper*, and *W. D. Webb*, for plaintiff in error.

*Lowe & Smith*, for defendant in error.

Opinion by CLOGSTON, C.: The plaintiff now insists that the record presents three substantial errors, any one of which is sufficient to and requires a reversal of the judgment: First, that the evidence does not support the special findings of the jury; second, that the court committed error in refusing to render judgment on the pleadings, notwithstanding the verdict of the jury; and third, that the court erred in the instruc-

tions to the jury. The jury found substantially on all the issues in favor of the defendant, and found in answer to the questions submitted to them that the plaintiff did not take this note in question as collateral security for a *bona fide* indebtedness due from Leslie to him, and that plaintiff did not take the note in good faith, without knowledge; and that there was collusion and fraud between the plaintiff and Leslie at the time plaintiff received the note from Leslie. It is true that there is but little testimony to support these findings. The weight of evidence seems to be against them. But under the rule adopted by this court, that before the findings of a court or jury will be set aside it must be shown that there was no evidence to sustain such findings, all that is necessary to sustain the findings is that there be some competent evidence submitted to the jury upon each question found by them.

Plaintiff claims that he was in possession of this note for about two years after it became due before he presented it for payment. There was evidence showing that fact. This was a circumstance that was competent to go to the jury. It was a question for them to answer whether or not under the circumstances a party holding a note as collateral security would hold the same two years after it became due, without making any demand or presenting the note for payment. The evidence shows that the plaintiff was on several occasions at the store of the defendant, and that he made no mention of the note, and did not ask for payment. He gave as a reason that he was requested by Leslie not to present it. This was a circumstance that the jury might say showed bad faith.

Again, there was evidence tending to show that in the preparation of this case for trial, in the taking of depositions, that Leslie appeared at the different times when depositions were taken, prompted the attorneys, furnished information, and seemed to be interested in the result; while the plaintiff, being present only a part of the time, seemed to take no interest in the proceedings. This was substantially all the evidence the record discloses tending to show that there was any collusion between plaintiff and Leslie, or a knowledge on the

part of the plaintiff of the circumstances surrounding the giving of this note; evidence upon which a jury which saw the witnesses, their demeanor and appearance on the witness stand, might find sufficient to answer the questions as they did.

As to the second proposition, the answer we think discloses and sets out that which, if true, was a defense to the action. It alleged that this note was given in a transaction between defendant and Leslie. It is true the note was given under such circumstances as .would have .rendered the transaction void under the statute of frauds; it was given in a transaction to prevent the collection of claims against Leslie, but afterward this transaction was annulled, the partnership property was sold, and a satisfactory agreement made by which this note was to be given up and canceled. If this was true, and plaintiff had full knowledge of the fact, the note would be of no avail.

The third error alleged is, that the court erroneously instructed the jury. The record shows that the court instructed the jury substantially as follows: "That the burden of proof was on the plaintiff to establish the fact that he purchased the note in controversy before maturity, for a valuable consideration, without notice of any fraud or want of consideration." This instruction was erroneous. (See *Mann v. National Bank*, 34 Kas. 746.) And while this instruction was wrong, and perhaps misled the jury, yet the record shows that no exception was taken to the giving of it, without which no error can be considered. This has been the rule laid down in this as well as all other courts. (*Comm'rs of Allen Co. v. Boyd*, 31 Kas. 765; *Crowther v. Elliott*, 7 id. 235; *Lalonde v. Collins*, 5 id. 361.) We therefore think that under the pleadings, evidence, and findings of the jury, the judgment of the court must be sustained.

It is recommended that the judgment below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.