## THE STATE OF KANSAS v. BURT McLAIN.

1. CRIMINAL CASE — *Verdict, Not Set Aside.* On a criminal appeal, when the record shows that the verdict of the jury is supported by some evidence and has received the approval of the trial judge, this court will not set it aside.

2. INFORMATION — *Amendment, Not Error.* It is not error for the court to allow an information to be amended, by inserting the name of the defendant in the body of the same, before the defendant pleads thereto.

*Appeal from Sedgwick Court of Common Pleas.*

PROSECUTION for a violation of the prohibitory liquor law. The material facts are stated in the opinion. From a conviction on September 21, 1889, the defendant *McLain* appeals.

*Martin & Eckstein,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

Opinion by GREEN, C.: Burt McLain, with one Walter Rowley, was convicted of keeping and maintaining a place

where intoxicating liquors were kept for barter and sale, under § 4, chapter 165, of the Laws of 1887, in the court of common pleas of Sedgwick county. McLain alone appeals.

But two questions are raised by counsel for the appellant, in their brief: First, that there was no evidence to justify or support a verdict of guilty, in this case; second, that the court erred in permitting the county attorney to insert the names of the defendants in the body of the information during the arraignment.

Upon the first ground of error, that the evidence introduced did not connect the defendant with the offense charged in the information, we have to remark that this is a question of fact and not of law; and this court cannot re-try the case. We simply pass upon the record as presented to us. We might say, however, in passing, that the evidence in this case discloses the fact that a "joint" was kept upstairs in a back room of a two-story brick building, on Water street, in Wichita; that the defendant was found there by the officers; that he went into the place and refused to open the door and admit the officers. Witnesses testified that they knew Burt McLain and Walter Rowley's place of business; that it was on Water street, near the middle of the block south of the postoffice, between First and Douglass avenues, in a brick building, two stories high, with a blacksmith shop on the ground floor; that the defendant's place of business was upstairs; that there were indications of a joint, such as an ice-box, keg of beer, some bottles, glasses, and general fixtures; that the defendant was frequently seen in front of this building; that when the door was opened by the officers fourteen or fifteen men were found there; that there was a bar, part of a keg of beer, glasses, and one bottle with a little whisky in it; that beer had been purchased there from a person behind the bar, whose face was known, but not his name, and, if either one of the defendants, it was McLain, and the impression of the witness was that it was McLain. We have carefully examined the evidence as presented to us in the record, and do not feel that we are justified in disturbing the

verdict of the jury, inasmuch as it has received the approval of the trial court.

The second ground of error complained of is disposed of by a reference to § 72 of the code of criminal procedure, which authorizes the amendment of an information in matter of substance or form, at any time before the defendant pleads thereto. The record shows that the defendants informed against refused to plead; and while the county attorney was reading the information, it was discovered that the names of the defendants were not in the body of the information. Thereupon he asked leave of the court to insert the names of each of the defendants in the body of the information; and the defendants still refusing to enter a plea to the information, the court directed a plea of not guilty to be entered for them. We fail to see any error in this ruling of the court.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.