THE STATE OF KANSAS v. CHARLES ALTEN.

1. INTOXICATING LIQUOR—*Verdict—Province of Jury.* In a prosecution for selling intoxicating liquor, the state elected to stand for trial upon each of three counts on sales made as testified to by four persons, which the defendant insisted constituted but one sale. A conviction upon each count followed, but the court set aside the conviction as to two of the counts, and approved it as to the third. *Held,* That the court, in overruling the verdict as to two counts and sustaining it as to the third, did not trench on the province of the jury, and as there was sufficient testimony to sustain the third, the defendant has no cause to complain.

2. —————— The evidence explained, and *held* to be sufficient to show that the liquor sold was intoxicating.

*Appeal from Riley District Court.*

THE opinion, filed on December 6, 1890, contains a sufficient statement of the case.

*Green & Hessin,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: This is an appeal from a conviction of Charles Alten, who was charged in seventeen counts of an information filed against him for selling intoxicating liquors. He was found guilty on seven counts, but the court set aside the conviction as to two of the counts and approved it as to the others. The defendant sold cider to numerous persons, charging them at the rate of 25 cents a bottle, and $1 a gallon, for the same. The contention was and is, that the liquor sold was not intoxicating, but a reading of the record discloses sufficient evidence to sustain the verdict. One witness says: "It intoxicated us to some extent," and that he "felt pretty good and boisterous." Another witness said: "It kind of livened me up a little, so I could feel it," and that "it intoxicated me a little," and made him feel like singing songs. Another testified: "It made me intoxicated—kind of tipsy." Another stated that it affected him about the same as the drinking of whisky did; and there was still another who said

it made him "dizzy-headed." There is considerable more testimony of a like character in the record, and although defendant produced testimony tending to show that the liquor sold was not an intoxicant, we are inclined to think that the weight of evidence is with the state; at any rate, there is sufficient to uphold the verdict that has received the approval of the trial court. (*The State v. McLain*, 43 Kas. 439.)

A further claim is made as to the action of the court in sustaining the motion for a new trial as to the sixteenth count, and overruling it as to the fifteenth and seventeenth counts. The state was required to elect upon which counts of the information it would stand for trial, and among others elected to stand upon the three counts last named. The evidence upon which the state relied for conviction in these three counts was that of Charles Ryan, W. Stevens, James Mallon and John Mallon. It is claimed that the testimony of these witnesses shows that while all obtained liquor from the defendant, yet that it only constituted a single transaction and sale, and that the court in determining the motion decided that the charge in the sixteenth count was a sale, and that those in the fifteenth and seventeenth counts were not, and in that way usurped the province of the jury in determining the guilt or innocence of the defendant. The objection is not good. The state elected to stand upon the sixteenth count, and there is sufficient evidence to sustain the finding of the jury thereon. It is unnecessary to examine the question of whether there was testimony to sustain the finding upon the fifteenth and seventeenth counts, as the state is not complaining of the rulings made, and the defendant cannot complain of a decision in his favor. The court did not trench upon the functions of the jury, because the jury had already found the defendant guilty upon the sixteenth count, and the only question to be determined is, whether the jury was justified in finding the verdict of guilty upon that count. This being sufficient, the conviction must stand.

The judgment of the district court will be affirmed.

All the Justices concurring.