MARTIN SICKINGER *et al.* v. THE STATE OF KANSAS, on the relation of E. H. Hutchins, County Attorney.

INJUNCTION *Against Intoxicating Liquor — Nuisance — Evidence.* Evidence examined, and *held* sufficient to support the finding and judgment of the trial court as to the defendant Martin Sickinger; but not sufficient to support the finding and judgment against J. M. Anderson, nor against the defendant James Ryan.

*Error from Butler District Court.*

THE opinion states the case.

*Dale & Wall,* for plaintiff in error.

*E. H. Hutchins,* county attorney, for defendant in error.

. Opinion by STRANG, C.: This was an injunction proceeding under ¶ 2533, General Statutes of· 1889. The action was in the name of the state on the relation of the county attorney of Butler county. The state alleged that the premises described in the petition was a place where intoxicating liquors were kept for sale; and where such liquors were sold, bartered and given away in violation of law; and was a place where persons were permitted to resort for the· purpose of drinking intoxicating liquors as a beverage in violation of law; and charged that such place was in consequence thereof a common nuisance; and asked that such premises be adjudged a common nuisance, that the place be abated as such, and that the defendants be perpetually enjoined from using, or permitting said premises to be used as a place where intoxicating liquors are sold, bartered or given away, or kept for sale, or a place where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage in violation of law. A temporary order of injunction was allowed July 16, 1887. September 1, 1887, the case was tried by the court, which found the allegations of the petition true as therein set forth, and entered a judgment perpetuating the injunction, and for costs against the defendants therein.

The petition alleges that the defendant James Ryan was the owner of the building complained of, but we find no evidence in the record connecting him with the building, nor in any other way with the case. It follows that the finding of the court below, so far as it relates to Ryan, is not supported by any evidence, and that the judgment as to him must be reversed, with costs.

J. M. Anderson is made a defendant in the petition, and it is alleged that he was a member of the firm of Sickinger & Co., but there is no evidence to support the allegation. Through all the evidence in the record relating thereto, the firm is re-

ferred to as Sickinger & Johnson. Neither the counsel nor any of the witnesses refer to Anderson, but they frequently refer to the firm having charge of the building complained of as Sickinger & Johnson. There being no evidence to connect Anderson with the case, the finding of the court as to him is erroneous, and the judgment based thereon must be reversed, with costs. As to the other defendant, Sickinger, the only question is, Does the evidence sustain the finding and judgment of the court below? There is a conflict in the evidence, and as the trial court passed upon the testimony and held it sufficient, this court will not undertake to determine the weight of such conflicting evidence. (*Peacock v. Boyle,* 41 Kas. 492; *Weil v. Eckart,* 37 id. 696.) It follows then, that if there was evidence to support the finding and judgment of the court as to the defendant Sickinger, they should not be disturbed, even though an apparent preponderance of the evidence was against such finding and judgment. (*The State v. Alten,* ante, p. 101, 25 Pac. Rep. 224; *Harrington v. Stone,* 39 Kas. 176; *Weir v. Plow Works,* 36 id. 460; *Stratton v. Hawks,* 23 Pac. Rep. 591; *Gafford v. Hall,* 39 Kas. 166; *McKinney v. Ward,* 39 id. 279; *K. P. Rly. Co. v. Kunkel,* 17 id. 145, and cases there cited, including cases from a large number of the states of this country.) The evidence clearly connects Sickinger with the place complained of, as one of the keepers thereof. It also clearly shows that he sold, to be drunk as a beverage, on the premises, Young's extract of malt.

Dr. Kuhn testified that he analyzed the liquor sold, and found it to contain a sufficient quantity of alcohol to render it intoxicating. He says he analyzed some beer, and found it contained about the same amount of alcohol. Dr. Gill says it contained sufficient alcohol to render it intoxicating. E. D. Stratford drank some of it, and says it was intoxicating; that in his judgment it was beer. W. H. Hardin said "it tasted like beer." R. D. Hyde testified it "tasted some like beer." Smiley, another witness, said it made him "kinder sick." Combe, a witness, saw two men at the place complained of, drunk. Dr. Kuhn, a witness on behalf of the state, and

Prof. Lovewell, a witness for the defense, united in saying that the article, the sale of which was complained of, was a malt liquor, and also a fermented liquor.   This evidence of itself, under our statute, makes the material *prima facie* intoxicating, and greatly strengthens the case of the state.   In the face of such evidence, this court cannot disturb the finding and judgment of the court below as to Sickinger, without overruling the cases cited from our own court, which are in harmony with the courts of many other states, as will be seen by an examination of the exhaustive citation of authorities, in the opinion of Judge BREWER in *K. P. Rly. v. Kunkel,* supra.

It is recommended that the judgment of the district court be reversed as to the defendants James Ryan and J. M. Anderson, with costs; and that as to the defendant Martin Sickinger, the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.