No. 25,019.

THE STATE OF KANSAS, *Appellée,* v. ESTELL MORRISON, *Appellant.*

SYLLABUS BY THE COURT.

1. HOMICIDE—*Evidence Sufficient to Sustain Conviction.* In a murder case the evidence examined and held sufficient to support a judgment of conviction.

2. SAME—*Evidence.* Errors complained of in admission of state's evidence considered and held to be unfounded.

3. *Cross-examination—No Abuse of Discretion.* Rule followed that the extent to which a witness may be cross-examined is largely in the discretion of the trial court, and that, unless prejudice is shown or that the court abused its discretion, there will be no reversal. (*The State v. Smith,* 114 Kan. 186.)

4. HOMICIDE—*No Prejudicial Remarks by the Court.* Claims of prejudicial remarks by the trial court considered and held to be without merit.

5. SAME—*Instructions.* The instructions examined and found to have fairly stated all the material elements of the case.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed January 12, 1924. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, and *Archie D. Neale,* of Chetopa, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *T. F. Morrison,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of murder in the second degree and appeals.

The defendant and Wade Lindsey were colored men. They were partners conducting a restaurant business at Chanute. On the night of August 19, 1922, Lindsey was murdered. That night the defendant attended a dance of colored people. While he was in attendance at the dance the deceased and a sweetheart of the defendant, Ruby Thompson, had charge of the restaurant. The dance ceased about midnight, when defendant returned to the restaurant. A crowd of colored people came from the dance to the restaurant at about the same time for refreshments. Sometime after the defendant returned to the restaurant, Ruby Thompson went to the cash drawer, took out some money, went to an adjoining room which she occupied as sleeping quarters, secured some of her things and left. After the guests had been served and had gone, the defendant took a hatchet and went to Ruby Thompson's room and broke open her trunk. He was in an angry mood and stated "That girl has taken the money." And, in the presence of Jane Middleton, another colored woman who worked at the restaurant, said "Get out of here," or "Get the hell out of here." Jane Middleton left the restaurant. The defendant and the deceased were the only ones remaining. An officer who had been observing the restaurant from a point in or near the alley, heard a loud voice, and started toward the restaurant. As he approached he heard a sound something like the striking of a drum. He ran around toward the front door, found some other officers whom he directed to go in at the front, while he ran to the back door and entered the kitchen of the restaurant. The deceased had been shot; was lying on the floor; gave a gasp and expired. The defendant was seen crouching in or near a corner of the room. A search disclosed a revolver hidden under the rug at about the place where he had been seen crouching down. He admitted ownership of the revolver which had been recently fired. When asked who shot Wade Lindsey, he shook his head and said "You know Wade," and refused to talk.

This was defendant's second conviction. The trial court set aside the first verdict and granted a new trial.

Defendant contends that the case should be reversed because the evidence was insufficient to warrant a conviction.

We have examined the record and find that there was evidence on every material point to support the verdict. On some matters there was disputed testimony. The dispute, however, was resolved by the jury against the contention of the defendant, and the verdict has received the approval of the trial court. Under such circumstances the verdict should not be disturbed. (See *City of Cherokee v. Fox*, 34 Kan. 16, 7 Pac. 625; *The State v. Baldwin*, 36 Kan. 1, 12 Pac. 318; *The State v. Smith*, 35 Kan. 618, 11 Pac. 908; *The State v. McLain*, 43 Kan. 439, 23 Pac. 651; *The State v. Hunter*, 50 Kan. 302, 32 Pac. 37; *The State v. Brubaker*, 56 Kan. 90, 42 Pac. 353.)

Defendant made various objections to the state's evidence. He complains that the court overruled his motion to strike out the testimony of Doctor Light who examined the body of the deceased a short time after the murder, because the doctor made no autopsy and did not testify directly as to what vital organ was affected which caused the death of the deceased. Doctor Light, among other things, testified:

"I am a practicing physician in Chanute, Kansas, and a graduate of the University Medical College of Kansas City, Missouri, and have been county coroner for the past eight years. Some time in the morning of the 19th of August, 1922, I was called to go to North Malcomb avenue, Chanute, Kansas, to investigate the killing of Wade Lindsey, a colored man. He was killed by a pistol-shot wound through his chest, a little above the nipple, making a hole about the size of the finger when it entered and making a hole about the size of the thumb where it passed out of the body. The bullet went through his lungs, and probably cut off the aorta or some large blood vessel right above the heart. When the ascending or descending aorta is cut or pierced, the victim dies in a few seconds. I observed blood on the piano, which was in the room called the cafe, just west of the kitchen where Lindsey was found dead; there was blood on the frame of the door in the cafe, leading into the kitchen; the blood on the piano and door-frame in the cafe, was fresh blood."

The testimony was competent and the defendant's motion was properly overruled. We have examined other testimony to which objection is made by the defendant, but find none that was incompetent which could have prejudiced the rights of the defendant.

Complaint is made of the undue latitude permitted the county attorney in the cross-examination of the defendant.

The extent to which a witness may be cross-examined is largely in the discretion of the trial court and unless prejudice is shown, or unless it is shown that the trial court abused its discretion there will be no reversal. (*The State v. Smith*, 114 Kan. 186, and cases cited.) Such does not appear here.

Complaint of some of the instructions is without merit. The general charge to the jury fairly stated all of the material elements of the case. The same may be said with reference to the claim of prejudicial remarks by the court. No remark of the court is pointed out, nor anything in the attitude of the court, as being prejudicial to the rights of the defendant, which would warrant a reversal of the judgment.

The judgment is affirmed.