No. 35,146

THE STATE OF KANSAS et al., *Appellees*, v. A. J. KLEIN, *Appellant.*

(117 P. 2d 575)

Opinion filed October 11, 1941.

*Richard E. Kirkpatrick* and *Richard Jones*, both of Wichita, for the appellant.

*Jay S. Parker*, attorney general, *A. B. Mitchell*, assistant attorney general, *Gale Moss*, county attorney, and *O. J. Connell, Jr.*, assistant county attorney, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This is an appeal from a conviction for unlawful transportation of intoxicating liquor. Appellant contends that the verdict is not supported by substantial, competent evidence.

On the morning of September 12, 1940, at about eight or nine o'clock, an auto was found wrecked in a ditch a few miles west of DeGraff in Butler county. It contained about 450 pints of whisky and a large additional number of broken bottles. Ownership of the car was traced to the appellant, who lived at Derby, Kan., and he was arrested when he appeared at El Dorado on September 18 to claim the car. Together with the driver of the car, whose identity apparently was not discovered, he was charged on two counts—the first being for possession and the second being for unlawful transportation of liquor. Tried before a jury in the county court, he was acquitted on the first and convicted on the second count. On appeal to the district court from conviction on the second count he was

again convicted by a jury. By motions to dismiss, for a directed verdict and for a new trial, the issue of the sufficiency of the evidence was raised and is brought here for review.

It is conceded that there was no evidence that appellant drove the car or was at the scene of the accident. The state does not contend that any evidence was produced that appellant personally transported the liquor, in violation of G. S. 1935, 21-2102, but relies entirely upon section 62-1016, which relates to aiding and abetting in the commission of any offense. Was there sufficient evidence to support a finding that the appellant aided and abetted the unlawful transportation?

It is not our function to weigh the evidence, or to pass upon the credibility of witnesses—that is for the jury. Where there is any substantial, competent evidence to support it, a verdict will not be disturbed on the ground of insufficiency of the evidence. (*State v. Morrison,* 115 Kan. 200, 202, 222 Pac. 87, and cases there cited.)

When appellant's car was found it bore Illinois license plates which had belonged to another car which had been disposed of in Wichita sometime previously by the owner, a resident of El Dorado. Ownership of the wrecked car was traced by the engine number. The car had been equipped with overload coil springs, one of which was found in place and the other lying on the ground, having apparently been knocked out of place in the wreck.

When arrested on September 18 appellant signed a written statement in which he stated that he put the car in his garage at Derby on September 11 at about ten-thirty or eleven o'clock in the evening, and left the keys in the car; that he had no occasion to use it until the next evening, September 12, and did not know it was gone until about seven o'clock when he needed it to make a trip to Mulvane to get medicine for a sick cow; that he tried to get in touch by phone with the insurance man in Wichita who had written theft insurance on the car, but "couldn't get central to hear me"; that on September 13 he went to Wichita and reported the theft to the insurance agent in person, but did not report it to anyone else; that the insurance agent reported it to the sheriff's office. In this statement he narrated in detail what he had done on September 11, 12, 13 and 14, but much of the recital is immaterial to our inquiry. He stated that he bought the car on March 30, 1940, that he used it as a pleasure car, to drive around the neighborhood, that he had made two trips to western Kansas in it and several to

Cunningham. He stated that he had been arrested twice, that in 1932 he pleaded guilty in Wichita to liquor violation—that he was selling liquor at that time—that "I am now under federal indictment out of Arkansas. I don't know what for. I think it is for bringing liquor into a dry state." He stated that he owned a set of overload coil springs which he had had on the car, but that they were not on it when he put it in the garage in the evening of September 11. He stated that his cash income from all sources since January 1, 1940, was about $350, earned, in most part, in farming. The statement was not attacked by the defense. Appellant did not take the stand at the trial.

In addition to recitals of the statement, other testimony may be briefly summarized: The undersheriff of Butler county testified, without objection, that he was familiar with appellant's reputation in Sedgwick county as to whether he was a law-abiding citizen, and that it was bad. Although the appellant said he had been engaged in farming and working as a farm hand during the period, the car's speedometer showed a mileage of about 24,000 miles for the five months and twelve days he had owned it. The insurance agent testified that while the adjuster thought that appellant first reported the alleged theft on the evening of September 12, his memory was that appellant called him about eight o'clock during the evening of September 11. The insurance agent further testified that he probably advised appellant when the theft was reported to him on the phone to report it to the sheriff, but that a few minutes later appellant called again and asked that the theft be not reported to the sheriff and said that he wasn't going to report it because he had a suspicion of someone who might have taken it and he wanted to check into that first; that when appellant came to his office the next morning he said that he had checked into it and there was nothing to his suspicion. It must be noted here that appellant said, in his signed statement, that he did not get the agent on the phone and that he first informed him of the theft when he went to his office. The insurance adjuster testified that he took a statement from appellant on the same day that the agent talked to him about the matter and his recollection was that it was September 13, but that he did not know whether the statement was dated or not, and that he had looked to see if he had put the date down and could not find it. The adjuster further testified that up to the time of the trial appellant had not filed any proof of loss with the company.

The jury which heard this evidence and had an opportunity to see and hear the witnesses and to judge of their credibility reached the conclusion that appellant had been actively connected with the unlawful transportation of the liquor. It must be assumed that the judge who presided at the trial and submitted the case to the jury believed that the verdict was sufficiently supported. We cannot say as a matter of law that they came to the wrong conclusion.

The judgment is affirmed.