No. 35,606

THE STATE OF KANSAS, *Appellee*, v. JACK CLARENCE DODD, *Appellant*.

(131 P. 2d 725)

Opinion filed December 12, 1942.

*B. F. Messick,* of Topeka, argued the cause, and *Jack Clarence Dodd* was on the briefs *pro se.*

*Wallace Carpenter,* county attorney, and *Harry Akers,* deputy county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was charged with the offense of stealing chickens in the nighttime. When he was arraigned it appeared he did not have counsel for his defense or means to procure any and the trial court thereupon appointed counsel to defend him. At a later date a trial was had resulting in a verdict of guilty. Defendant's motion for a new trial having been denied, he perfected an appeal to this court which he has prosecuted in his own behalf.

Appellant contends the verdict is contrary to the evidence, and that his motion to dismiss because of insufficiency of evidence should have been sustained. In the recent case of *State v. Klein,* 154 Kan. 165, 117 P. 2d 575, it was said:

"It is not our function to weigh the evidence, or to pass upon the credibility of witnesses — that is for the jury. Where there is any substantial, competent evidence to support it, a verdict will not be disturbed on the ground of insufficiency of the evidence. (*State v. Morrison,* 115 Kan. 200, 202, 222 Pac. 87, and cases there cited.)" (p. 166.)

See, also, *State v. Edwards,* 151 Kan. 365, syl. ¶ 3, 99 P. 2d 836, and cases cited.

Under the rule stated we examine the evidence. Briefly stated, it was shown that defendant and two companions, Morris and DeArmond, had been together during the evening of December 3, 1941. About eleven o'clock p. m. they went to the home of Morris, where defendant went into the house to procure taxi fare. DeArmond stayed in the back yard. The defendant and DeArmond left and started walking toward town. About one-thirty o'clock a. m., on December 4, 1941, two police cars approached them. While an officer was talking with DeArmond, defendant was seen to drop something on the sidewalk. It was found to be a black chicken with its neck broken. The defendant and DeArmond were taken to the police station, where somewhat later, under circumstances unnecessary to detail, another chicken was found. It was white and the head had been removed. On being questioned at the point of apprehension defendant denied he had ever seen the chicken. Later, at the police station, he told the chief of police that it looked like he had got himself into a jam, and when asked where he got the chickens he said he was drunk and didn't know where he got

them. The next morning a neighbor of Morris came to the police station to report the theft of chickens, and there identified the two chickens mentioned. DeArmond and appellant were tried jointly. DeArmond testified he had stolen the chickens, that he was carrying one chicken under each arm and that just as the police cars approached them he gave one of the chickens to appellant to hold while he rolled a cigarette. Other evidence showed, however, that when DeArmond was put in jail he attempted to wash his clothes, they were taken from him and examination showed blood in his left rear pocket and on his underclothes. There is no contention the chickens had not been recently stolen. It has always been the law of this state that when recently stolen goods are found in possession of the accused his failure to satisfactorily explain his possession, where considered in connection with the facts and circumstances of the case, will sustain a verdict on a proper charge. See *State v. Cassady*, 12 Kan. 550, and *State v. Grey*, 154 Kan. 442, 119 P. 2d 468, and cases cited. The facts shown warranted a conclusion that DeArmond was not carrying the chickens under his arms, as he said he was, and that it was not true he had given one to appellant just before the two were apprehended by the police. It was for the jury to weigh the evidence and to reflect their conclusions in their verdict. Their verdict shows they did not believe appellant and DeArmond. Appellant's contention the verdict is contrary to or is not sustained by the evidence and that his motion to dismiss should have been sustained is not good.

Appellant also contends the trial court erred in approving the verdict of the jury. His argument on that specification of error is combined with his argument on his specification of error that the trial court erred in denying his motion for a new trial. Appellant directs our attention to the instruction with respect to circumstantial evidence, as to which there is no specific complaint, and then directs our attention to evidence which if believed would have led to his acquittal, and therefrom he argues the trial court erred in approving the verdict, and consequently in denying the motion for a new trial. We have examined the instruction on circumstantial evidence and find nothing materially wrong with it. Appellant's contention as to the evidence is based on a wrong conception of the law, and cannot be sustained. The trial court did not err in its rulings.

Appellant also contends that he has been denied due process of law under the constitution and laws of the state of Kansas, and the

fourteenth amendment to the constitution of the United States. This contention is predicated on the premise the trial court erred in the matters heretofore discussed. It appears that appellant had a fair trial, that his rights were fully protected at all stages and that there was no error in the rulings to which our attention was directed. There was no lack of due process of law.

The judgment of the trial court is affirmed.