No. 23,928.

THE STATE OF KANSAS, *Appellee*, v. FRED IMM et al., *Appellants*.

SYLLABUS BY THE COURT.

1. BURGLARY AND LARCENY — *Defendants' Witnesses in Their Own Behalf — Reputation for Truth and Veracity an Issue.* Where defendants who are prosecuted for a public offense become witnesses in their own behalf they thereby place their general character and reputation for truth and veracity in issue, and are subject to be contradicted, discredited and impeached the same as other witnesses.

2. SAME—*Burglary and Larceny—Recent Possession of Stolen Property—Instruction.* An instruction as to the effect of the possession of recently stolen property is examined and held to be without prejudicial error, and under the evidence it was applicable to both defendants.

3. SAME—*Instruction as to Lower Degrees of Crime Charged.* Burglary in the second degree was charged, and there being no substantial evidence of the commission of a lower degree by the defendants and no request for an instruction as to an inferior degree of the offense, the failure to give such an one was not error.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed October 7, 1922. Affirmed.

*Lee Bond,* of Leavenworth, for the appellants.

*Richard J. Hopkins,* attorney-general, *Roy R. Hubbard,* assistant attorney-general, and *Joseph A. Fuller,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Fred Imm and Will P. Imm appeal from a conviction of burglary and larceny in the nighttime.

They assign as error a ruling admitting testimony as to the general reputation of the defendants for truth and veracity. Of course such testimony would not have been admissible if the defendants had not put their characters in issue or assumed the character of witnesses and given testimony in the case. Each of the defendants took the stand and gave testimony in his own behalf, and when they did so assumed the position of other witnesses and placed their general character for truth and veracity in issue. As witnesses they were subject to the same tests and to be discredited, contradicted and impeached as any other witnesses. . The court subsequently withdrew the impeaching testimony from the jury, but its admission in the first instance was not error. (*The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 405.)

Complaint is made of an instruction as to the possession of recently stolen property. It follows:

"You are instructed that the possession of recently stolen property without any reasonable explanation as to how the defendant came into the possession of such property is evidence tending to prove the guilt of the defendant of the larceny of such property and may be sufficient to warrant the jury in finding the defendant guilty, if in the opinion of the jury such unexplained possession satisfies the jury beyond a reasonable doubt that the defendant is guilty of such larceny; yet before it can be deemed sufficient standing by itself to warrant a conviction, the possession must be so recent after the time of the larceny as to render it morally certain that the possession could not have changed hands since the larceny."

It is said that the first part of the instruction to the effect that the unexplained possession of recently stolen property by the defendant is evidence of guilt is unobjectionable. But it is contended that the latter part of the instruction charging that before it can be deemed to be sufficient of itself the possession must be so recent or so close to the time of the larceny as to make it morally certain that there had been no change of possession after the larceny was committed is erroneous. The defendants have no reason to complain of the last part of the instruction, as it was manifestly given for their protection. It placed a restriction on the general rule previously stated by the statement that a conviction on that evidence

would not be justified unless the possession was so recent as to render it certain that it had not been changed since the larceny. The court did not treat the recent possession as a conclusive presumption of guilt nor convey the idea that as a matter of law such possession warranted a conviction. It was treated as a presumption of fact, the force and conclusiveness of which was left to the jury. The instruction is in line with the rule which has received sanction in a number of cases. (*The State v. Cassidy*, 12 Kan. 550; *The State v. White*, 76 Kan. 654, 92 Pac. 829; *The State v. Shaefer*, 111 Kan. 153, 204 Pac. 765.)

It is argued further in no event was the rule applicable to Will P. Imm, for the reason that the property was in the possession of his father and could not be regarded as in his personal possession. The defendants were together operating a farm, the title of which was in the wife of Fred Imm, who was the mother of Will. On the farm there were two sets of improvements; the father lived in the home in one group and the son Will in the other. The testimony is that the defendants were in the store from which the tires and other property stolen were kept the evening before the offense was committed, and made some inquiry and examination as to them. The defendant, Will Imm, was shown to have been at the rear of the store on the night that it was entered and the property stolen. Two days later officers made a search of the buildings on the farm and found part of the missing property in an attic of the washhouse in the group of buildings occupied by the father. It was shown that the wife of Will helped put the tires in the attic. When they were discovered by the officers Fred Imm was asked where he got the tires, and he said, "I don't know, Will buys the tires." Later, when Will was arrested and was giving directions to an employee as to the work on the farm, before leaving he said to the employee, "You keep your mouth shut." His explanation as to the tires was that he and his father drove to Emporia the day following the larceny and on their way back they met men, whom they did not know, who were offering tires to sell, and after some negotiations with them a purchase of the tires was made, and when they came home the tires were thrown in the yard. In view of the testimony relating to the possession, no error was committed in applying the rule of recent possession to both of the defendants.

Another assignment of error is the failure of the court to instruct

the jury on a lower degree of burglary than the second, which is a breaking in the nighttime. It may be said that no instruction upon other degrees was requested by the defendants. It is proper to instruct the jury upon a lower degree of an offense if there is substantial evidence tending to prove the inferior degree. The evidence all pointed to a breaking into the building and larceny in the nighttime. The building in which the property was stored was closed at night and found broken the next morning when the attendants came to open the store for business. As already stated, Will P. Imm was shown to have been at the back of the building about ten o'clock on the night of the burglary. There was no testimony tending to show a breaking or larceny in the daytime. The court instructed the jury that the defendants could not be convicted of any offense unless it was shown that they had entered the building in the nighttime with the intention to steal the property therein, and if the state had failed to prove these elements beyond a reasonable doubt, the defendants should be acquitted. There was no evidence offered by defendants nor any claim made by them that the offense was of a lower degree, and as the case was submitted to the jury they were relieved from defending against any degree except the one charged and were entitled to an acquittal unless the state proved beyond a reasonable doubt that the offense was committed in the nighttime. If the defendants desired an instruction on that phase of the case the trial judge should have been requested to give it, but under the evidence and the charge it is doubtful if it would have been proper even if a seasonable request for such an instruction had been made.

The evidence is deemed to be abundant to support the verdict, and no reason is seen for setting it aside.

Judgment affirmed.