## HAMILTON v STATE

Ohio Appeals, 4th Dist, Hocking Co
Decided May 21, 1931

Eugene Wright and E. D. Ricketts, Logan, for Hamilton.

C. W. Bowen, Pros. Atty., for the State.

**MIDDLETON, J.**

It appears that this question has never been directly adjudicated in any of the reported cases in this state but ample support of the procedure complained of may be found in other states and jurisdictions, and we are persuaded that in at least two cases in Ohio a rule of procedure is recognized by our Supreme Court which approves the competency of the evidence in question.

In the case of **Hanoff v State, 37 Oh St 178,** it is held in the first paragraph of the syllabus that

"Where upon the trial of an indictment the defendant offers himself as a witness, and testifies in his own behalf, he thereby subjects himself to the same rules and may be called on to submit to the same tests as to his credibility as may legally be applied to other witnesses."

That case dealt with the limits in a criminal case to which the cross examination of a defendant might go for the purpose of determining his character and credibility from his own admissions in respect to other violations of the law. While it may not, therefore, be regarded as a pronouncement directly in line with the facts in the instant case it was, however, the statement of a general rule applicable to all cases in which the defendant voluntarily elects to testify in his own behalf.

This rule was referred to with favor by the Supreme Court in the case of **Sabo v State, 119 Oh St 231,** in which it is stated that the Hanoff case

"is authority for the proposition that when a defendant offers himself as a witness, and testifies in his own behalf, he thereby subjects himself to the same rules and may be called upon to submit to the same tests as to his credibility as may legally be applied to other witnesses."

It is apparent, we think, that in the two cases cited the Supreme Court of this state has approved as a general rule the right to subject a defendant, when testifying in his own behalf in a criminal case, to any test reflecting on his credibility that legally may be applied to any other witness.

In the case of State v Imes, et al, 209 Pac. 982, it appears that the trial court admitted testimony as to the general reputation of the defendants for truth and veracity. It was urged in the Supreme Court that the admission of this testimony constituted prejudicial error. That court in commenting upon the question said:

"Of course, such testimony would not have been admissible if the defendants had not put their characters in issue or assumed the character of witnesses and given testimony in the case. Each of the defendants took the stand and gave testimony in his own behalf, and when they did so assumed the position of other witnesses and placed their general character for truth and veracity in issue. As witnesses they were subject to the same tests and to be discredited, contradicted and impeached as any other witnesses."

In the case of People v Hinkaman, 85 N. E. 676, the Court of Appeals of New York commenting upon the same question said:

"Logically a defendant who voluntarily testifies in his own behalf occupies a dual position. He is at once a party and a witness, and is entitled to the rights and privileges of each. As a party he need not testify at all. If he deems it prudent to remain silent no presumption is to be indulged against him. If he prefers to testify his general character is safe from attack unless he puts it in issue by himself introducing evidence relating to it. But when he assumes the character of a witness he exposes himself to the legitimate attacks which may be made upon any witness. Other witnesses may be called to impeach his credibility by showing that his general reputation for veracity is bad, or he may upon cross examination be interrogated as to any specific act or thing which may affect his character and tend to show that he is not worthy of belief."

Many cases may be cited from other states that approve the same doctrine, among which are State v Beal (Ind.), 34 Am. Rep. 263; State v Anderson (La.), 65 So. 580; State v Dyer (Mo.), 40 S.W. 768; Paxton v State (Ark.), 157 S.W., 396.

The general rule is stated in 28 R. C. I. 620 as follows:

"Generally speaking, a defendant in a criminal case testifying in his own behalf may be contradicted, impeached and sustained in the same manner as other witnesses. His character for truth may be impeached, and the same is true in some jurisdictions as to his general character."

An examination of the authorities leads to the conclusion that while the defendant in a criminal case may be protected from attack as to his general character unless he first puts in issue his reputation for good character, yet when he testifies as a witness his reputation for truth and veracity is always an issue and therefore subject to attack independent of any attempt on his part to support the same.

We conclude, therefore, that the evidence complained of was competent and that the trial court did not err in overruling the objection to its admission.

There are some other complaints made in this proceeding which have been examined by us but which we conclude are of no merit. This observation is particularly true of the attack made on the trial court for overruling the motion for a new trial. There is nothing in the claim made in that motion for newly discovered evidence. That evidence would not justify any jury in returning a verdict different from the verdict which was rendered.

The judgment is affirmed.

MAUCK, PJ, and BLOSSER, J, concur.