No. 34,997

THE STATE OF KANSAS, *Appellee,* v. HARTZEL GREY, *Appellant.*

(119 P. 2d 468)

Opinion filed December 6, 1941.

*William M. Bradshaw,* of Topeka, for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, *Joseph H. McDowell,* county attorney, *Thomas E. Joyce* and *John J. Bukaty,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

ALLEN, J.:  Under our statute G. S. 1935, 21-524, the defendant was charged in one count with burglary and larceny.  He was convicted of burglary in the second degree and of larceny, and appeals.

On April 11, 1939, the home of C. N. Puckett in Kansas City was burglarized.  Entrance was made by raising a window.  Various articles of personal property, including a suit of clothes, were stolen. An employee of a pawnshop in Kansas City, Mo., testified that he had been employed in the pawnshop for fifteen years; that he knew the defendant, that on April 12, 1939, the defendant pawned the suit of clothes in question at the pawnshop; that defendant was not required to sign the pawnshop ticket "because he had previously signed a pawn slip for another suit that he pawned on April 6, 1939, by affixing thereto the name of Harry Todd."

Puckett testified that the suit of clothes pawned on April 12, 1939, was the suit stolen from his home.

On August 12, 1939, the defendant was arrested, fingerprinted and required to sign his name on the fingerprint card.  The fingerprints were compared with prior fingerprints of defendant taken in 1927 on the occasion of the arrest of defendant on similar offenses and there was testimony that the fingerprints were made by the same person.  There was also testimony that the signatures made on the fingerprint cards in 1927 and 1939 and the signature "Harry Todd" made on the pawn slip above mentioned were made by one and the same person.

A detective in the police department in Kansas City testified that he was acquainted with the defendant; that he was present in the courtroom when the defendant pleaded guilty to burglary and larceny of a dwelling house by breaking and entering on October 31, 1927, and on the same day the witness heard the defendant plead guilty to a similar offense committed on November 1, 1927.  The witness testified that in each of these burglaries entrance was made through a window.

The testimony relating to the offenses committed in 1927 was objected to by defendant on the ground that such prior offenses were distinct and unrelated to the crime charged; that such evidence was highly prejudicial to the rights of the defendant and was an attempt on the part of the state to prove the defendant guilty of the crime

charged by showing he had committed other offenses which had no connection with the crime with which he was being tried.

Defendant asserts error was committed in the admission of the evidence of the separate offenses committed in 1927 and in the giving of certain instructions.

Under the law of this state, unexplained possession of recently stolen property is prima facie evidence of guilt sufficient to warrant conviction. (*State v. Bell*, 109 Kan. 767, 201 Pac. 1110; *State v. White*, 76 Kan. 654, 92 Pac. 829; *State v. Wood*, 118 Kan. 58, 233 Pac. 1029.)

In *State v. Rice*, 93 Kan. 589, 144 Pac. 1016, it was held, as stated in the syllabus:

"Proof that a burglary was committed and that the stolen goods were shortly thereafter found in the possession of the accused, when considered in connection with all the other facts and circumstances of the case, including his failure satisfactorily to explain such possession, will sustain a conviction of burglary."

See, also, *State v. Imm*, 112 Kan. 56, 209 Pac. 982; *State v. Lentz*, 128 Kan. 314, 277 Pac. 794.

Instruction No. 13 given by the court below is assigned as error. This instruction stated the law as to the inferences which might be drawn from the possession of stolen goods as outlined above. The instruction sufficiently stated the law and did not constitute reversible error.

The evidence disclosed that the defendant pleaded guilty to a charge of burglary and larceny committed on October 31, 1927, and to a charge of burglary and larceny committed on November 1, 1927. In each case it appeared that entrance was made through a window, and in each instance the defendant pawned the articles taken from the dwelling houses that were burglarized.

The purpose for which this evidence could be considered by the jury was stated in the following instruction to the jury:

"11. In this case evidence has been offered of facts and circumstances tending to show other offenses similar to that charged in the information in this case, and you are instructed that evidence concerning the commission of other similar offenses by the defendant is competent and proper in this case, and may be considered by the jury for the purpose of determining the *scienter* or intent of the defendant, to show his motive, lack of mistake, or his plan or system of operation at the time of the taking and carrying away of the property alleged in the information, if any property was taken and carried away by him, and this evidence must not be considered by the jury of any other purpose whatsoever."

It would appear that the purpose of the state in the introduction of this evidence connecting defendant with other crimes was to allow the jury to compare the scheme or plan used in those instances with the scheme and manner of working employed in the case under consideration. It is true that the general rule in criminal cases is that former convictions of crime are inadmissible as part of the state's case in chief. However, there are exceptions to the general rule which are as well established as the rule itself.

In *State v. Reuter,* 126 Kan. 565, 268 Pac. 845, the court considered the authorities on this question, and then said:

"Such evidence may, in the discretion of the court, be received for the purpose of proving identity of the accused, 'to show his motive, intent, *scienter,* lack of mistake, or his plan or system of operation." (p. 567.)

In the Reuter case the defendant was charged with the larceny of domestic fowls in the nighttime. Evidence of crimes committed several months previously was admitted as bearing on the similarity of system and plan of operation.

See, also, *State v. Bartholomew,* 116 Kan. 590, 592, 227 Pac. 366; *State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Ridgway,* 108 Kan. 734, 197 Pac. 199.

Mere remoteness of similar offenses affect the weight rather than the admissibility of the evidence. (*State v. Ridgway,* supra; *State v. King,* supra; *State v. France,* 146 Kan. 651, 72 P. 2d 1001.)

Under the instruction given by the court, the jury was allowed to consider the plan or system of operation between the other crimes and the crime for which defendant was being tried, and was cautioned as to the purpose for which the evidence was not to be considered. We do not think the instruction is open to the objections urged by defendant.

The defendant also contends in his brief that the evidence taken as a whole is insufficient to support the verdict finding him guilty of the crime charged. There is some difference between the abstract and the counter abstract as to whether this question was raised before the trial court on the motion for a new trial. Be that as it may, the court is of the opinion that there is substantial, competent evidence in the record from which the jury might find the defendant guilty. Such being the case, this last assignment of error cannot be sustained. (*State v. Klein,* 154 Kan. 165, 117 P. 2d 575.)

The judgment of the district court is affirmed.

ALLEN, J., dissents.