No. 43,633

STATE OF KANSAS, *Appellee*, v. GEORGE THOMAS SIMS, *Appellant*.

(389 P. 2d 812)

Opinion filed March 7, 1964.

*Richard L. Roberts*, of Olathe, argued the cause and was on the brief for the appellant.

*Hugh H. Kreamer*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant has appealed from a conviction of the offense of grand larceny.

Briefly, the facts are as follow:

On the day in question defendant drove his car to a parking lot

adjoining a machine shop owned by one Orser. He backed it into the lot alongside a truck owned by Orser. He was accompanied by his wife, brother, and a man by the name of Ellifrits. In the rear of the Orser truck were a large power drill, fifty feet of heavy duty extension cord, and a sledge hammer, all of which belonged to Orser. Defendant's brother went to the machine shop to engage people there in conversation. While he was talking to Orser's son the latter heard the sound of metal scraping against metal and hurried out to his father's truck. He saw defendant standing about five feet from the truck. He looked in defendant's car and saw the extension cord and sledge hammer. Ellifrits was in the back seat of the car and the power drill was found there hidden under a pillow. Orser's son removed the items from defendant's car, whereupon defendant and his companions drove off. Defendant was traced through the license tag number on his car, and subsequently was arrested and charged, together with his brother and Ellifrits.

Court-appointed counsel represented him throughout the trial. He was found guilty as charged and, having previously been convicted of a felony, was sentenced to confinement in the penitentiary under the applicable statutes.

Upon defendant's motion, he was furnished with a free transcript of the trial proceedings (G. S. 1961 Supp., 62-1304), and, under rule 56 of this court, new counsel was appointed to represent him on appeal. Counsel so appointed filed an abstract and brief, and appeared in this court on oral argument.

Only two questions are presented:

First, it is contended there was no evidence of a larceny by defendant as contemplated by the statute in that there was no evidence to show that it was defendant who actually removed the property from the Orser truck and placed it in his car.

The contention is without merit. In addition to the evidence showing the facts and circumstances heretofore briefly summarized, a detective testified that defendant had admitted to him that while his brother had gone to the machine shop to talk to the people there he, defendant, removed the property from the truck and placed it in his car. Defendant did not testify, but the testimony of his wife was to the effect that it was Ellifrits, rather than defendant, who had removed the property from the truck and placed it in defendant's car.

Under the evidence presented, the jury was fully warranted in finding defendant guilty of larceny. Where there is any substantial competent evidence to support it, a verdict will not be disturbed on the ground of insufficiency of the evidence to sustain a conviction. (*State v. Klein,* 154 Kan. 165, 166, 117 P. 2d 575, and *State v. Crosby,* 182 Kan. 677, syl. 5, 324 P. 2d 197, 76 A. L. R. 2d 514.)

Secondly, it is contended the trial court erred in giving instructions Nos. 10, 12 and 13. In this connection, the record shows that the trial court submitted to counsel for both sides all of its instructions, and that defendant neither requested additional instructions nor objected to those prepared by the court. Strictly speaking, therefore, defendant is now in no position to complain. (*State v. Anderson,* 172 Kan. 402, syllabi 2 and 3, 241 P. 2d 742, and *State v. Smith,* 173 Kan. 807, 812, 252 P. 2d 917.) Notwithstanding, we have examined the three instructions in question and find nothing wrong with them either as correct statements of the law or as to their application to the facts of the case. Instruction No. 10 was the usual one to the effect that the unexplained possession of property proved recently to have been stolen raises a *prima facie* presumption that the possessor is thief. (*State v. Grey,* 154 Kan. 442, 444, syl. 2, 119 P. 2d 468.) Instructions Nos. 12 and 13 were the usual ones to the effect that one who aids or abets in the commission of an offense may be charged, tried and convicted as though he were a principal.

No error being made to appear, the judgment is affirmed.

FONTRON, J., not participating.