No. 43,155

STATE OF KANSAS, *Appellee,* v. WILLIAM NAY WOOD, *Appellant.*

(416 P. 2d 729)

Opinion filed July 14, 1966.

*Loyd H. Phillips,* of Great Bend, argued the cause, and was on the briefs for the appellant.

*Robert L. Bates,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Brock R. McPherson,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a criminal action in which a judgment of conviction and sentence was originally appealed from by the defendant *pro se* and affirmed in *State v. Wood,* 190 Kan. 778, 378 P. 2d 536. Since the defendant was previously denied counsel, we have permitted the appeal to be reinstated, and Mr. Loyd Phillips, defendant's counsel at his preliminary hearing and trial, has been appointed.

The facts, as disclosed by the state's evidence, were detailed in the original opinion and, except where amplification is necessary, will not be repeated.

Defendant now raises three points: (1) the trial court committed prejudicial error by admitting evidence seized by police officers in an unreasonable search and seizure conducted in violation of the defendant's rights guaranteed by the fourth and fourteenth amendments to the Constitution of The United States; (2) the trial court committed prejudicial error in failing to sustain defendant's demurrer to the evidence and motion for directed verdict because there was insufficient evidence to support a verdict of guilty as to each of the five counts on which he was convicted and sentenced; and (3) the trial court committed error in overruling defendant's motion for new trial.

Defendant's first point was asserted in his original appeal and involves the admission into evidence, over objection, of state's exhibits 1, 2 and 3, Dr. Pepper Bottling Company checks bearing numbers within the stolen series, which were found in the search of the automobile driven by defendant at the time of his arrest. His argument then was focused on the unreasonableness of his arrest rather than the search not being incidental thereto. In

holding the arrest was lawful, this court, speaking through Mr. Justice Schroeder, said:

"On the record here presented (consisting of a complete transcript supplied by the appellant) we hold the information communicated to Sheriff Cline through a law enforcement agency from Ellinwood was sufficient to warrant a prudent man in believing that felonious acts had been committed, and that there were reasonable grounds to believe the appellant committed such crimes.

"On the record presented we further hold the arrest of the appellant was accomplished when the sheriff stopped the subject vehicle and gave directions to the appellant to stay within the vicinity of the automobile and to keep his hands where the sheriff could see them. This was prior to a search of the appellant or the subject vehicle which was under his control. . . ." (p. 789.)

Defendant, through his counsel, now contends that the search of the automobile by Trooper Murphy, approximately twenty minutes following his arrest and after the vehicle had been moved to the Rice county jail, was too remote in time and place to constitute a search incidental to a lawful arrest. We touched upon this matter in our prior opinion by stating:

"While a search of an automobile might be expected to take place when and where the arrest occurs, there seems to be no harm in first removing the automobile to the station where it can be more thoroughly and accurately searched, even though some time must elapse between the arrest and the search.

"We hold under the facts and circumstances presented by the record herein the search of the appellant and the automobile under his control was incident to a lawful arrest and, therefore, reasonable. The seizure of the stolen checks found in the course of the search under these circumstances was proper." (p. 790.)

Defendant no longer questions the validity of his arrest but seeks reversal of our prior decision on the point in light of *Preston v. United States,* 376 U. S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881, decided March 23, 1964.

In *Preston* the defendant and three others were convicted in the United States District Court on a charge of conspiracy to rob a federally insured bank. The conviction was based to some extent upon evidence obtained in the search of a motor vehicle. The evidence disclosed that the police received a telephone complaint at three o'clock one morning that "three suspicious men, acting suspiciously" had been seated in a motorcar parked in the business district since ten o'clock the evening before. The police went to the place where the car was parked and questioned the men, who gave evasive and unsatisfactory answers about why they were there at

that time of night. They admitted they were unemployed, and one of the men said he had bought the car the day before, but he could not produce any title. The sum total of the assets on their person amounted to only twenty-five cents. The officers arrested the men for vagrancy, searched them for weapons, and took them to police headquarters. The car was not searched at the time of the arrest but was driven by an officer to the police station from which it was then towed to a garage. Soon after the men had been booked several officers went to the garage, and upon searching the automobile, found two loaded revolvers in the glove compartment. The trunk was locked and the officers returned to the station. Subsequently a detective directed one of the officers to go back and try to gain entry to the trunk. This was accomplished, and the contents of the trunk disclosed the presence of caps, women's stockings (one with mouth and eye holes), rope, pillow slips, an illegally manufactured license plate equipped to be snapped over another plate, and other items. These articles were admitted into evidence over timely objections. The Supreme Court, without deciding the question of the validity of the arrest, held that the search was too remote in time or place to have been made as incidental to the arrest, and, therefore, concluded that the search of the car, without a warrant, failed to meet the test of reasonableness under the fourth amendment. In the course of its opinion the Court stated:

". . . Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible. *E. g., Carroll v. United States,* 267 U. S. 132, [69 L. Ed. 543, 45 S. Ct. 280, 39 A. L. R. 790] (1925); *Brinegar v. United States,* 338 U. S. 160, [93 L. Ed. 1879, 69 S. Ct. 1302] (1949). Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. See *Carroll v. United States, supra,* 267 U. S., at 153. But even in the case of motorcars, the test still is, was the search unreasonable. . . ." (pp. 366-367.)

A careful reading of the *Preston* decision does not lead us to the conclusion that our prior observation on the precise point was erroneous.

In *United States v. Rabinowitz,* 339 U. S. 56, 94 L. Ed. 653, 70 S. Ct. 430, cited in the *Preston* opinion, it was stated:

". . . The mandate of the Fourth Amendment is that the people shall

be secure against *unreasonable* searches. It is not disputed that there may be reasonable searches, incident to an arrest, without a search warrant. . . . The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case. . . ." (pp. 65-66.)

To meet the test of reasonableness, a search may be incident to an arrest if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest. (*Stoner v. California*, 376 U. S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889, reh. den. 377 U. S. 940, 12 L. Ed. 2d 303, 84 S. Ct. 1330 [decided on the same date as *Preston*].) The right to make a contemporaneous search without a search warrant extends to things under the accused's immediate control (*Carroll v. United States*, supra), and to some extent, depending on the circumstances of the case, to the place where he is arrested (*Agnello v. United States*, 269 U. S. 20, 70 L. Ed. 145, 46 S. Ct. 4, 51 A. L. R. 409).

The "place of arrest" in cases involving a search of an automobile over which an accused has immediate control at the time of arrest has reference to the vehicle itself rather than its geographical location. An automobile, because of its mobility, requires application of rules in the search thereof different from those governing the search of a house. (*Carroll v. United States*, supra.) In *Arwine v. Bannan*, 346 F. 2d 458 (6th Cir. 1965), where the automobile in which the defendant had been arrested was moved to the police station before it was searched, the court stated:

". . . The place of arrest, in this case, must be considered the automobile in which Arwine was sitting when he was arrested; it was the automobile over which he had control, or in which he was legitimately present, that was the place of search. The place where the arrest was made was not the geographical area in which the car was parked; . . ." (p. 470.)

The factual differences in *Preston* and the instant case cannot be overlooked. Here, the law enforcement officers had probable cause to arrest the defendant. The officers involved in the defendant's apprehension were in constant communication with each other and were aware of the events that had transpired prior to the arrest. A search of the defendant's person at the time of apprehension yielded a check which directly connected him with the crimes. The search of the automobile was conducted for stolen articles which the officers had reason to believe were in the vehicle. Unlike *Preston*, there was no evidence of unusual delay or an impounding of the vehicle prior to the search.

We doubt that *Preston* can be interpreted to mean that a police officer must search the vehicle at the moment of arrest when an equally prudent course of action would be to move the vehicle to a more convenient or suitable location for the search. We are more inclined to believe that the holding in *Preston* turned upon the lack of continuity of purpose by the arresting officers. (See *Price v. United States*, 348 F. 2d 68, [D. C. Cir. 1965], and *Arwine v. Bannan*, supra.)

The question of reasonableness of a search must be resolved from the facts and circumstances of each particular case. Our view of the evidence in the instant case is that the arrest of the defendant, the removal of the automobile and its search were a series of events constituting one continuous happening. Under such circumstances, the search occurred substantially contemporaneous with and incidental to the arrest. The fact defendant was not present did not prevent the search from being incidental to his arrest. (*Crawford v. Bannan*, 336 F. 2d 505, [6th Cir. 1964].)

The decision in *Preston* was rendered fourteen months after our previous opinion in the instant case, and approximately two years after the trial. It is of interest that the United States Supreme Court in its recent decision of *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, held that the rulings of *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, and *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, applied only to trials beginning after the date of the respective decisions. In the opinion the Court reviewed its numerous recent decisions involving the retroactive application of constitutional rules of criminal procedure. Although the ruling in *Preston* was not discussed, there is language to suggest, from which inference might be drawn, that it would not have retroactive application to trials occurring prior to the decision. We decline to determine the question, however, for we believe there is a further compelling reason that requires affirmance of this case on the point involved.

Conceding for the sake of argument that exhibits 1, 2 and 3 were secured by an unreasonable search and seizure and thus were inadmissible in evidence, we do not consider the error of such magnitude as to require reversal of the defendant's convictions.

The effect of illegally obtained evidence received the attention of the Supreme Court of Minnesota in *State v. Sorenson*, 270 Minn.

186, 134 N. W. 2d 115, in which the court found that under *Preston* the trial court erred in failing to grant the defendant's motion to suppress evidence consisting of a button found in the search of his automobile. The court held that:

". . . although the trial court erred, the error is not sufficient for reversal. . . . The introduction of the illegally seized button added little to the state's case, and since it was merely cumulative evidence its admission was not reversible error." (p. 200.)

Whether or not the admission of illegally obtained evidence constitutes harmless error was considered in *Stoner v. California,* supra; *Fahy v. Connecticut,* 375 U. S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229; *People v. Burke,* 61 C. 2d 575, 39 Cal. Rptr. 531, 394 P. 2d 67; *Thurlow v. State,* 406 P. 2d 918 (Nev.); and *State v. Edmondson,* 379 S. W. 2d 486 (Mo.). The effect of such evidence must be determined from the facts and circumstances of each individual case.

Here, exhibits 1, 2 and 3 were company checks which were a part of those stolen from the Dr. Pepper Bottling Company of Great Bend. Exhibit 4, taken from the defendant's pocket at the time of his arrest, was also one of the stolen checks, and made out for the sum of $113.20. It formed the basis for the forgery and two uttering counts on which defendant was convicted.

It is apparent that since exhibits 1, 2 and 3 were a part of the company checks missing as a result of the burglary, they were material and relevant only to the burglary and larceny counts. Of equal materiality and relevancy was exhibit 4 which was introduced into evidence without objection and about which no complaint is now made. At most, exhibits 1, 2 and 3 were cumulative in nature, and, under the circumstances, their admission into evidence did not result in prejudice to or affect the substantial rights of the defendant. Even without the three exhibits in question there was substantial, competent evidence to support the verdict of the jury on both the burglary and larceny counts. (G. S. 1949, 62-1718 [now K. S. A. 62-1718]; *State v. Vernon King,* 190 Kan. 825, 378 P. 2d 147; *State v. Bailey,* 184 Kan. 704, 339 P. 2d 45.)

Defendant's second point on appeal challenges the sufficiency of the evidence relating to each of the counts on which he was convicted. Defendant, in his brief, poses the question of whether or not on such flimsy, circumstantial evidence, all of which could reasonably be said to be as consistent with his innocence as with his guilt, his conviction can be sustained as a matter of law.

In the original opinion we emphasized that the circumstantial evidence presented was sufficient for the jury to find the defendant guilty in the same manner as a principal, and that the verdict of the jury was supported by substantial, competent evidence. We also approved the court's instruction on circumstantial evidence as a correct statement of law.

Defendant, in his argument, now has completely overlooked our rule that in considering the sufficiency of circumstantial evidence to sustain a conviction, this court does not consider whether the evidence is incompatible with any reasonable hypothesis except guilt; that is a question for the jury and trial court. Our function is limited to ascertaining whether or not there was, from the evidence, a basis for reasonable inference of guilt. Before a jury verdict approved by the trial court may be set aside on appeal for insufficiency of evidence it must clearly appear that on no hypothesis whatever is there sufficient, substantial evidence to support the conclusion reached by the trial court. (*State v. Shaw*, 195 Kan. 677, 408 P. 2d 650; *State v. Ledbetter*, 183 Kan. 302, 327 P. 2d 1039; *State v. Crosby*, 182 Kan. 677, 324 P. 2d 197; *State v. Russell*, 182 Kan. 649, 323 P. 2d 913; *State v. Mitchell*, 181 Kan. 193, 310 P. 2d 1063, 68 A. L. R. 2d 895; *State v. Brizendine*, 114 Kan. 699, 220 Pac. 174.)

Again the defendant, through his counsel, argues that the evidence of the state failed to prove that the burglary was committed in the nighttime, and further contends that G. S. 1961 Supp., 21-520, (now K. S. A. 21-520) made it mandatory that the trial court instruct on burglary in the third degree. The argument is without merit. Counsel urges that we were in error in the original opinion in stating that the transcript did not show the point as having been raised in the trial court. We have examined the record and find that counsel, in his argument to the court on the defendant's demurrer to the evidence at the close of plaintiff's case, stated "There were several hours between the closing and opening that it was daylight." The point was not pursued, and, in fact, the thrust of his entire argument was that there was no evidence showing defendant had anything to do with the burglary. Under the circumstances, the point was not sufficiently called to the trial court's attention; and in the absence of a request for an instruction on burglary in the third degree, the court was not required to so instruct. We adhere to what was said in our original opinion in disposing of the point.

Defendant's argument that there was no evidence connecting him with the burglary may be laid to rest by what was said in *State v. Grey*, 154 Kan. 442, 119 P. 2d 468:

"Proof that a burglary was committed and that the stolen goods were shortly thereafter found in the possession of the accused, when considered in connection with all the other facts and circumstances of the case, including his failure satisfactorily to explain such possession, will sustain a conviction of burglary." (Syl. ¶ 2.)

In the instant case the evidence clearly showed a burglary had been committed. Exhibit 4, one of the stolen checks, was found in defendant's shirt pocket at the time of his arrest. Defendant's only evidence in explanation of his possession of the check was the testimony of Jesse Wyatt which the jury was at liberty to accept or reject. These factors, when considered with all the other circumstances as shown by the evidence, sustain his conviction on the burglary charge.

In regard to the larceny count, defendant urges this court to re-examine the well-settled rule that possession of recently stolen property is *prima facie* evidence of guilt and throws upon the possessor the burden of explaining the possession, and if unexplained, is sufficient to warrant a conviction of larceny. The trial court's instruction stating the rule was approved in our original opinion. We have carefully examined defendant's brief and fail to find any valid reasons being advanced therein that would require a deviation from the rule as stated in the instruction; moreover, the rule has recently been recognized and applied in *State v. Oswald*, 197 Kan. 251, 417 P. 2d 261, and *State v. Sims*, 192 Kan. 587, 389 P. 2d 812. Defendant contends the instruction was improper because defendant's possession was not shown to be recent. The word "recent" must be given a relative connotation, and we are unable to say, under the facts here, that the instruction, when given with the other instructions, was inappropriate. (*State v. Sharp*, 174 Kan. 672, 258 P. 2d 306.)

In defendant's argument concerning the insufficiency of evidence pertaining to the forgery and uttering counts, he asks that we reconsider the propriety of permitting one who aids and abets another in the commission of a crime to be charged, tried and convicted in the same manner as if he were a principal. We have examined the defendant's brief on the point and find nothing that would compel a departure from the clear mandate of G. S. 1949, 62-1016, (now K. S. A. 62-1016). See *State v. Turner*, 193 Kan. 189, 392 P. 2d 863.

Defendant presents no new argument to support his third point on appeal, and hence, it need be given no further attention beyond that set forth in our previous opinion.

In the preparation of an appeal for one convicted of a felony the zealous efforts of court-appointed counsel often go unnoticed. In this appeal, however, we are mindful that defendant has had the benefit of competent, experienced counsel who assiduously and with earnest endeavor presented the various points heretofore discussed. Thus, it has been with wary caution, coupled with attentive concern and solicitude, that we have made an exhaustive review of the record as well as the arguments and authorities presented. We are of the opinion no error appears in any of the particulars of which complaint was made.

The judgment of conviction and sentence is affirmed.