No. 44,667

THE STATE OF KANSAS, *Appellee*, v. JERRY RAY WARD, *Appellant*.

(427 P. 2d 586)

Opinion filed May 13, 1967.

*Arnold M. Mize,* of Derby, argued the cause and was on the brief for the appellant.

*A. J. Focht,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This is an appeal from a conviction of grand larceny —the subject of the theft being a pay-telephone owned by the telephone company in Wichita.

Highly summarized—the state's evidence showed the following:

At about 8:30 in the evening of July 6, 1965, defendant Ward was stopped and arrested for speeding by Wichita police officers. In the front seat with him was a man by the name of Vogt. Through past "contact," both were "known" to the officers. While checking defendant's driver's license the officers requested permission to search the car. Defendant replied—"Yes—go ahead." About this time they observed a pay-telephone partially hidden under some dirty clothes in a basket on the floor of the car. Vogt had his foot on top of the basket. Both defendant and Vogt were then placed under arrest for larceny of the telephone. They were advised of their right to remain silent and to the presence of counsel. Further search of the car also produced a metal pry-bar. Under question-

ing at the scene of the arrest as to his possession of the telephone defendant professed "complete ignorance" concerning where he had been and what he had been doing that evening, and merely replied "What telephone?"

Earlier that evening a pay-telephone was stolen from a commercial washhouse (laundromat) in Wichita, and it was positively identified as the one found in defendant's car. Paint chips on the pry-bar matched exactly the paint on the wall from which the telephone had been pried loose. The telephone was valued at $98.60.

Both defendant and Vogt were charged with the theft of the telephone. Vogt pleaded guilty. Defendant elected to stand trial and was convicted.

In this appeal five contentions are made.

The first is that the court erred in admitting into evidence the telephone and pry-bar found in the car—it being argued they were seized as a result of an illegal search—without a warrant. Throughout the trial defendant moved to suppress this evidence and the trial court heard the motion outside the presence of the jury. Defendant offered no evidence in support of his motion. The motion was properly denied. Entirely aside from the fact that defendant was under a lawful arrest for a traffic offense and under the circumstances the officers certainly were not required to blind-fold themselves from the obviously contraband property being transported in an automobile—the testimony of the officers was (and it was not refuted) that defendant gave them permission to search the car.

During the trial an official of the telephone company opened the coin box of the telephone and it contained $18.40 in coins. Over defendant's objection the coins were admitted into evidence. It is argued that defendant was charged with the theft of the telephone instrument—and not the money contained inside it—and that such evidence was prejudicial. We find no merit in the contention. In the first place the contents of an instrument such as this were a part of it—secondly, it is a matter of common knowledge that coin machines are stolen for their contents and the evidence was admissible on the ground of showing motive.

The jury was given the usual instruction to the effect that the unexplained possession of property proved recently to have been stolen raises a presumption that the possessor is the thief. The

instruction further stated that such possession, in order to warrant a conviction, must have been so recent after the time of the commission of the larceny as to render it morally certain that such possession could not have changed hands since the commission of the larceny. Although no objection was made to the giving of the instruction, which, it is conceded, is a correct statement of the law, it now is contended that its effect was to shift the burden of proof to defendant and that it was repugnant to his constitutional right to remain silent and not testify. Defendant offered no evidence at his trial. We find no merit in the contention. Under the facts of this case—where one is found driving around in possession of a pay-telephone—the instruction was particularly applicable, and it was properly given (*State v. Grey,* 154 Kan. 442, 444, Syl. 2, 119 P. 2d 468; *State v. Sims,* 192 Kan. 587, 589, 389 P. 2d 812; *State v. Jenkins,* 197 Kan. 651, 657, 658, 421 P. 2d 33). Also, on the question of the claim that the instruction in effect shifted the "burden of proof," see *The State v. Bell,* 109 Kan. 767, 770, 771, 201 Pac. 1110.

Finally, it is contended the evidence was contrary to and insufficient to support the verdict, and that the trial court erred in denying the motion for a new trial. We will not labor either point. It is sufficient to say that the evidence of guilt was overwhelming. In the very nature of things, people simply do not go around in possession of pay-telephones! Defendant has shown no error in the trial and his motion for a new trial was properly overruled.

The judgment is affirmed.