No. 45,169

STATE OF KANSAS, *Appellee,* v. WAYNE FOSTER, *Appellant.*

(447 P. 2d 405)

Opinion filed December 7, 1968.

*Maurice P. O'Keefe, Jr.,* of Atchison, argued the cause and was on the brief for the appellant.

*Robert D. Caplinger,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *F. Stannard Lentz,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of burglary in the second degree and larceny in connection therewith, as denounced by K. S. A. 21-520 and 524.

During the night of November 14, 1966, a school house near Effingham was burglarized, and a movie projector and money were stolen. Three days later the projector was recovered in an apartment in Kansas City, Missouri, occupied by defendant, and he was apprehended at that time. He subsequently signed a written statement in which he admitted that on the night in question he drove his brother Dean and another person to a point near the school house. Dean and the other person got out of the car. Defendant drove off, and returned to the scene in about an hour. Dean and the other person appeared out of the darkness. Dean was carrying the projector—and gave defendant a share of the money.

Present counsel also represented defendant at the preliminary examination and trial. In this appeal seven contentions are made.

The first concerns the failure of the state to endorse the names of witnesses on the information at the time it was filed, as required by K. S. A. 62-802. Apparently counsel for defendant had not noticed the matter until after the third witness had testified. The defect was called to the court's attention, whereupon the state was allowed

to endorse the names over defendant's objection. Defendant's motion for a continuance also was denied and the trial proceeded.

As shown by the case annotations following the statute, the question has been dealt with many times—on a case-by-case basis. Generally speaking—the rule is that the late endorsement of the names of witnesses or of additional witnesses—rests within the sound discretion of the trial court—the test being whether a defendant's rights are prejudicially affected by the allowance of such endorsement (*State v. Hendrix,* 188 Kan. 558, 565, 363 P. 2d 522). Here, however, and despite the flagrant violation of the statute— no prejudice has been shown. Several of the witnesses had testified at the preliminary examination—and defendant and his counsel were well aware of the state's evidence. In fact, upon oral argument counsel candidly admitted that he was not taken by surprise. Under the circumstances clearly shown—we cannot say that the trial court abused its discretion in permitting the late endorsement and in denying a continuance.

It next is contended the court erred in permitting a woman to testify concerning her relationship with defendant while they were in California. This witness was in the apartment in Kansas City with defendant when he was apprehended and the projector recovered. Defendant contends her testimony was only for the purpose of showing him to be an immoral person. The state contends it was for the purpose of showing the unbroken chain of events and circumstances and the relationship between defendant and his brother Dean—all of which led up to the commission of the offenses here in question. On this point the record is quite hazy and incomplete, and her testimony appears to be more or less immaterial one way or the other. In any event—and especially in view of the other evidence—defendant has not established prejudicial error.

It is contended that a signed statement given by defendant to an agent of the Kansas Bureau of Investigation was erroneously admitted in evidence. The details surrounding this matter need not be recited, but the record clearly establishes that defendant was given the *"Miranda"* warning and that he was fully advised of all his constitutional rights and that the statement was voluntarily given after being so advised.

It next is contended the court erred in giving an instruction on aiding and abetting in the commission of an offense. A short

answer to this is that under the evidence such an instruction was entirely proper.

Defendant complains of an instruction which contained a statement to the effect the jury could not acquit him unless all of the jurors entertained a reasonable doubt as to his guilt. While we disapprove of the form of that portion of the instruction—the entire instruction—read as a whole—correctly advised the jury as to reasonable doubt and the only circumstances under which defendant could be found guilty. Read in connection with the rest of the instruction—the critized portion was merely another way of saying that a verdict of either guilty or acquittal must be unanimous.

Defendant also complains of the instruction concerning the presumption arising from the unexplained possession of recently stolen property. Here the movie projector was found in the apartment occupied by defendant three days after it was stolen—which period of time defendant contends was not recent. We do not agree. The word "recent" must be given a relative connotation, and under the facts of record the instruction—when given with the other instructions—was proper. See *State v. Grey,* 154 Kan. 442, 119 P. 2d 468; *State v. Sims,* 192 Kan. 587, 389 P. 2d 812; *State v. Wood,* 197 Kan. 241, 249, 416 P. 2d 729; *State v. Oswald,* 197 Kan. 251, 255, 417 P. 2d 261. Complaint also is made of some rather "awkward" language used in the instruction. We believe it fairly is to be interpreted as meaning that such possession—in order to raise the presumption of guilt—must be without any reasonable explanation by defendant.

And finally, defendant contends the court erred in refusing to submit a form of verdict finding him guilty of larceny alone, because the evidence showed that it was his brother who had entered the school house—and not he.

Three forms of verdict were submitted—(1) not guilty, (2) guilty of burglary in the second degree, and (3) guilty of burglary in the second degree and commission of larceny. We think this was proper, for under the evidence if defendant was guilty of larceny he also was guilty of burglary as a principal in the second degree (K. S. A. 21-105). This case is readily distinguishable from *State v. Baker,* 197 Kan. 660, 421 P. 2d 16 in which the offense of burglary was defectively charged and yet the conviction of larceny was permitted to stand.

Examination of the record and arguments by defendant fails to establish that he did not receive the fair trial to which he was entitled. No error being shown—the judgment is affirmed.