THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT v.
LESLIE BRANCH, DEFENDANT AND APPELLANT.

No. 11666.
Submitted February 11, 1970.
Decided March 5, 1970.
465 P.2d 821.

A. L. Libra, Helena, Robert Skelton (argued), Missoula, for appellant.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Asst. Atty. Gen. (argued), Helena, Harold J. Pinsoneault, County Atty. (argued), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the opinion of the Court.

Defendant was charged with burglary in the second degree in the district court of Missoula County, tried by a jury, found guilty, and sentenced to prison.

The appeal involves but a single issue, that being the con-

tention of the defendant that the court erroneously instructed the jury as a portion of its Instruction 20 in these words:

"One who is found in possession of property that was stolen from burglarized premises, is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt."

Defendant took exception to the quoted paragraph of the instruction and contends that since defendant did not testify on his own behalf that the instruction is a comment on the defendant's failure to testify, forbidden by Art. III, § 8, of our Constitution and section 94-8803, R.C.M.1947.

Defendant relies, in addition, upon the case of State v. Greeno, 135 Mont. 580, 342 P.2d 1052, wherein the quoted words were contained in an instruction, along with other language not present in the instant case, so that the paragraph there appearing read as follows:

"One who is found in the possession of stolen property is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt, and if he gives a false account of how he acquired that possession or, having reasonable opportunity to show that his possession was honestly acquired he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt."

We dealt with the Greeno case in State v. Gray, 152 Mont. 145, 447 P.2d 475, where similar contention was made and we there stated:

"We can find no error with the instruction in question. The instruction clearly stated that mere possession alone is not sufficient to justify a conviction; such has been the long standing rule in Montana. Territory v. Doyle, 7 Mont. 245, 250, 14 P. 671 (1887); State v. Sullivan, 9 Mont. 174, 176, 22 P.1088 (1890); State v. Sparks, 40 Mont. 82, 105 P. 87 (1909). Nor can there be any question that possession is a circumstance to be considered in connection with other circumstances in determining

24

guilt. People v. Johnson, 99 Cal.App.2d 717, 222 P.2d 335 (1950).

"The defendant relies heavily on State v. Greeno, 135 Mont. 580, 342 P.2d 1052 (1959) which was decided 3-2, for the proposition that the last paragraph of Instruction No. 7 was erroneous because it was a violation of his right to remain silent. That paragraph read in part:

" 'One who is found in the possession of property that may have been stolen from burglarized premises, is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with other evidence, pointing to his guilt * * *.'

"State v. Greeno was reversed by this Court on one ground, namely, because confusing and perjured testimony by a witness prevented a fair trial for the defendant, which testimony the witness later recanted. Although Mr. Justice Bottomly condemned the use of an instruction similar to the one in question here, particularly the portion quoted just above, only one other justice concurred in his condemnation. The second concurring justice, Hon. Lester H. Loble, sitting in place of Mr. Chief Justice Harrison, stated that he concurred '* * * in the result indicated *solely* upon the ground that * * * Mr. Justice Bottomly, in his decision, correctly stated that a new trial should be granted the defendant and appellant by reason of the facts and circumstances shown by the record, relating to the recantation of the testimony of the witness Armstrong * * *.' Petition for Rehearing, State v. Greeno, supra, at 594, 342 P.2d at 1059.

"We are aware that there are cases, notably in Colorado and in some federal district courts, holding that instructions similar to the one under attack here are erroneous and prejudicial. However, we think the better reasoned cases hold that such instructions are not erroneous or prejudicial. In a very recent case, Arizona v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967)

cert. denied 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed.2d 142, the lower court instructed the jury:

" 'The burden is on one who is found in the possession of property that was stolen from burglarized premises to explain such possession in order to remove the effect of that fact as a circumstance to be considered with all other evidence pointing to his guilt.'

"The Arizona Supreme Court found no error in the instruction and went on to say at page 818 of 424 P.2d:

" 'As we read the subject instruction, it appears to state the law correctly for in effect the instruction says that if defendants had wished to remove the effect of possession of stolen goods from the facts and circumstances to be considered by the jury, defendants should have offered some explanation of their possession of such goods.'

"We agree. In effect all the instruction in question here says is that if defendant wanted to prevent the jury from considering possession as a circumstance indicating guilt, then he should, by testifying himself, by having another testify, or by introducing real evidence, explain his possession. The rule equally applies to all evidence which a defendant would remove as a circumstance pointing to his guilt; that is, he must by some means explain away such evidence."

In State v. Ruiz, 105 Ariz.—, 463 P.2d 100 (1970) the same contention was made and that court stated:

"During the trial, defendant did not take the stand or present any evidence. Defense counsel moved for a directed verdict of acquittal as to the felony charge and asked that the case be submitted to the jury on the sole issue of joyriding. This motion was denied on the grounds that the lack of explanation of defendant's possession of the recently stolen automobile warranted submission to the jury (together with the evidence).

"The almost universal rule is that if the defendant is in possession of recently stolen property, an inference of fact, sometimes called a rebuttable presumption of fact, arises that he has

stolen the property. This presumption is covered by statute in some states and does not violate the defendant's protection from self-incrimination. See, Annot., 51 A.L.R. 1139, 1167; Annot., 162 A.L.R. 495, 531; Wharton's Criminal Evidence, 12th ed. § 135.

"The courts of Arizona have consistently held that the possession of recently stolen goods is a circumstance from which the jury may infer the guilt of defendant. It is true that this circumstance standing alone is insufficient to sustain a conviction. State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967), cert. den. 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed. 2d 142; State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966). In State v. Wood, 7 Ariz. App. 22, 435 P.2d 857 (1967), we held that this instruction is one of the well-recognized exceptions to the rule that the court will not single out evidence and instruct the jurors as to what they may infer from it.

"The defendant contends that the instruction was a comment on his failure to testify. This contention is without merit. State v. Ward, 199 Kan. 23, 427 P.2d 586 (1967); State v. Gray, [152 Mont. 145], 447 P.2d 475. We therefore hold that the challenged instruction is constitutional."

In view of these authorities it is our view that there exists no merit to the defendant's contention and the judgment is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL, and the HONORABLE ROBERT SYKES, District Judge, sitting in place of MR. JUSTICE BONNER, concur.