No. 12267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA,

                  Plaintiff and Respondent,

-vs-

TERRY A. LANE a/k/a
TERRY VAN DIVER,

                  Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        D. R. Matthews argued, Missoula, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        J. C. Weingartner, Assistant Attorney General, argued,
        Helena, Montana
        Robert L. Deschamps, III County Attorney, Missoula,
        Montana
        Gene McLatchy, Deputy County Attorney, argued, Missoula,
        Montana

---

                Submitted:  January 26, 1973

                  Decided: FEB 16 1973

Filed: FEB 16 1973

*Thomas J. Kearney*
                          Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment of conviction of the crime of receiving stolen property entered on a jury verdict in the district court of the fourth judicial district, county of Missoula. Defendant had a prior felony and was sentenced to a term of five years. He had been charged with burglary in the first degree or alternatively, receiving stolen property.

The home of Mr. & Mrs. Charles Hurt, in Missoula, was burglarized on October 22, 1971. Access had been gained through a window in a bedroom during the Hurts' absence. Stolen were a Gibson Super 400 guitar, an amplifier, a Pioneer reverberator unit, a stereo unit and one suede jacket.

It shortly became apparent that two men, Peter Probst and defendant Terry Lane, later identified as Terry Lane Van Diver, were involved because the two went to Bakke Motors in Missoula and traded a 1959 Cadillac, $50 of defendant's money, and the stolen guitar for a 1965 Pontiac purchased in defendant's name. The stolen amplifier was sold to a local secondhand store for $50 by Probst while defendant waited in his car. Both men sold the stereo and speakers to an employee at St. Patrick's Hospital for $40.

The two men, Probst and Van Diver, disappeared. Subsequently, after traveling together to New Orleans and Canada, the two were arrested in Canada for having an illegal weapon, among other charges. While in jail in Regina, Saskatchewan, they informed the Canadian authorities that there was a warrant for their arrest in Missoula, Montana. They were subsequently deported to the United States from Canada and were arrested on December 3, 1971, in Plentywood, Montana, and returned to Missoula. The suede jacket taken in the burglary was found in defendant Van Diver's car in Plentywood.

While the charges were pending, Probst dismissed his attorney, made a statement, and plead guilty to first degree burglary. He was sentenced to two years; which sentence was deferred.

Defendant Van Diver plead not guilty and the case went to trial. During the trial, the owner of the property testified as to the burglary and identified the stolen items. The items were all connected to the possession and sale by both Probst and defendant Van Diver. Probst testified that both he and Van Diver burglarized the Hurt home; testified as to their purchase of Van Diver's automobile, their sale of the items, their trip to Canada, their arrest, and his subsequent decision to plead guilty.

As stated before, the charge was in the alternative, burglary or receiving stolen property. The jury was instructed on both charges and given alternative verdicts. The jury returned a verdict of guilty of receiving stolen property.

Defendant on appeal raises three issues for review: (1) That the trial court erred in giving Instruction No. 13; (2) that an alleged prosecution comment on defendant's failure to explain his possession of the goods was reversible error; and (3) whether the court erred in not granting defendant a new trial on the receiving stolen property charge by itself.

Issue 1 concerns the giving, over the objection of defendant, of Instruction No. 13 which reads:

> "You are instructed that the mere possession of
> stolen property, however soon after the taking,
> unexplained by the person having possession, is
> not sufficient to justify conviction. It is,
> however, a circumstance to be considered in con-
> nection with other evidence in determining the
> question of innocence or guilt. If you should
> find from the evidence that a burglary was com-
> mitted on the premises involved in this case and
> that thereafter the defendant was found in posses-
> sion, or claimed to be the owner, of property
> stolen from the burglarized premises, such a fact
> would be a circumstance tending in some degree to
> show guilt, although not sufficient, standing alone
> and unsupported by other evidence, to warrant your
> finding him guilty. In addition to proof of posses-
> sion of such property there must be proof of corrob-
> orating circumstances tending of themselves to establish

- 3 -

guilt. Such corroborating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the defendant, and any other proved circumstances tending to show the guilt of the accused.

"One who is found in the possession of property that was stolen from burglarized premises is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt."

In addition to Instruction No. 13, other instructions on receiving stolen property were given. Instruction No. 18 specifically required proof beyond a reasonable doubt.

Defendant argues Instruction No. 13 violated his constitutional rights. Namely, that the instruction allows the judge, by way of an instruction, to comment on the fact defendant did not take the stand during the trial. Such comments, on the defendant not taking the stand during a criminal trial, have been held to violate defendants' rights against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L ed 2d 106.

This Court recently considered the question of the constitutionality of such an instruction. In State v. Branch, 155 Mont. 22, 23, 26, 465 P.2d 821, this instruction was given:

"One who is found in possession of stolen property is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt, and if he gives a false account of how he acquired that possession or, having reasonable opportunity to show that his possession was honestly acquired he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt."

In Branch, appellant contended that:

"* * * since defendant did not testify on his own behalf that the instruction is a comment on the defendant's failure to testify, forbidden by Art. III, § 8, of our Constitution and section 94-8803, R.C.M. 1947."

As to the questioned instruction in Branch, this Court stated:

- 4 -

"'We can find no error with the instruction in question. The instruction clearly stated that mere possession alone is not sufficient to justify a conviction; such has been the long standing rule in Montana.'"

The Court then went on to deal directly with the identical issue raised here:

"'The defendant contends that the instruction was a comment on his failure to testify. This contention is without merit. [Citing cases] We therefore hold that the challenged instruction is constitutional.'"

We find nothing new in the argument presented by defendant in this appeal. This argument has been heard before by this Court, and we considered the matter after the United States Supreme Court case cited by defendant as controlling was handed down. This instruction is not in violation of the protection of the right against self-incrimination. It does not comment on failure of the defendant to testify. It does permit the defendant to explain how he came into possession of the stolen goods. A defendant can do this by taking the stand himself, by having another testify on his behalf, or by introducing other types of evidence to show how he came into possession of the stolen goods. If the defendant does not explain, by any of the enumerated methods of explaining his possession, then this fact can be considered by the jury in making its determination.

Defendant urges that in spite of our holding in Branch and State v. Gray, 152 Mont. 145, 447 P.2d 475, it is error for the prosecution to comment even by way of instruction on failure of a defendant to explain his possession of recently stolen goods. Defendant puts it a little differently in that he states it in these terms: "failure to explain away his guilt by association". Be that as it may, defendant urges that the rule in Griffin requires a reversal. In 24 ALR3d 1093, an annotation appears following the case of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L ed 2d 705, 24 ALR3d 1065. That discussion is of harmless error, cured error, prejudicial error, and automatic reversal.

- 5 -

However, in this case, no comment as such was made on defendant's failure to testify. Counsel makes it out by referring to Instruction No. 13. That instruction plainly, in our view, is not meant to be a comment on the failure to testify. Rather, it is an evidentiary rule. The unexplained possession of recently stolen goods--not necessarily an explanation in court---is a circumstance to be considered by the jury. That's all. Other instructions go on to require other evidence beyond a reasonable doubt. The rule of Griffin, Chapman, and the other cases referred to, simply are not applicable here.

Defendant's issue 2 on appeal refers to alleged comments made by the prosecution to the jury concerning defendant's failure to take the stand. In support of this contention counsel for defendant produced an affidavit, signed by himself, in which is set out allegedly verbatim the language the prosecutor used. That is the entire record counsel for defendant has used to support his position. There is nothing else, no transcript; only his affidavit of what he alleges was said.

The state in its argument cites an affidavit signed by the deputy county attorney who tried the case. In this affidavit he refutes what was alleged by defendant. There is no way of knowing what was actually said, because there is no written record. This Court must have a written record before it which shows exactly what was said. We cannot allow cases to be reversed only on what one of the attorneys thought was said at the time. Prejudice in a criminal trial must be shown from the record, it will not be presumed. State v. Gallagher, 151 Mont. 501, 445 P.2d 45.

Additionally, on motion for new trial the trial judge, who was present when the alleged statements were supposedly made, denied a new trial. Even at that time, counsel made no effort to supplement the record.

The final issue raised is apparently that if this conviction were to be reversed, defendant could not then be charged with the crime of burglary. We need not discuss this issue, since

the conviction of defendant of receiving stolen property is not reversed.

The judgment of the district court is affirmed.

/s/ Wesley Castles
Associate Justice

We Concur:

/s/ James T. Harrison
Chief Justice

/s/ Gene B. Daly

/s/ [signature]

/s/ John Conway Harrison
Associate Justices.

- 7 -