[No. 38141. Department Two. December 16, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. SANDY TAPLIN, JR., *Appellant.**

*David C. Lycette*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Robert E. Dixon*, for respondent.

BARNETT, J.†—Appellant was convicted of the crime of the unlawful possession of a certain narcotic drug, *i.e.*, marijuana. He has appealed from the judgment and sentence entered on the verdict.

*Reported in 409 P.2d 169.

———————

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

It is first contended that the court erred by not suppressing certain evidence (two packages of marijuana) found on appellant when he was searched by the police officers at the time of his arrest.

The state concedes that, if the officers made the arrest without probable cause, the evidence was illegally obtained and should have been suppressed. Thus, the question is whether, under the facts and circumstances of this case, there was probable cause for the officers to make the arrest, thereby sanctioning the attendant search.

There was a hearing in the Superior Court for King County on appellant's motion to suppress the evidence. Appellant and the two arresting officers testified as to the facts and circumstances surrounding the alleged unlawful arrest. Appellant testified that he was on his way home from the New Richmond Hotel, walking slowly, when he noticed the approaching patrol car from a block away; that he was wearing a trench coat over a long-sleeved sweater; that, concealed under the sweater, tucked in the waistband of his trousers, was an automatic pistol which the officers could not have seen, even though his trench coat was unbuttoned; that the officers stopped their car near him and inquired as to his destination; that he was then asked to get up against the patrol car and was searched; that he, himself, after he was searched, produced the weapon and gave it to the officers.

The arresting officers testified that they were en route to the New Richmond Hotel at about 3:40 a.m. to investigate a robbery reported by police radio to have been committed by one Negro male; that they noticed appellant on foot; that appellant was the only person seen by them in the vicinity; that they stopped their patrol car in front of him at an intersection and questioned him as to where he had been; that appellant replied that he was coming from the New Richmond Hotel; that Officer Thomas got out of the car and, noticing a gun butt protruding from appellant's waistband, thereafter placed him under arrest by turning him around and telling him to place his hands on the hood of the car; that the subsequent search of appellant disclosed

a quantity of marijuana and a gun clip, as well as the .38 automatic pistol.

The trial court, after hearing this conflicting evidence, ruled that the officers had had reasonable grounds for believing that appellant had committed a felony and that, accordingly, the arrest was lawful, the search and seizure therefore proper, and denied the motion to suppress the marijuana discovered on appellant's person.

The trial judge, as was his right to do under these circumstances, apparently believed the testimony of the arresting officers and disbelieved that of appellant. He was entitled to believe from the testimony that the officers had been informed by police radio that a robbery had been committed at the New Richmond Hotel; that they were proceeding in that direction for purposes of investigation; that the alleged robber had been described to them as a Negro male; that, as they approached the vicinity of the New Richmond Hotel, they observed appellant, the only person in sight, on foot; that they asked him where he had been and he replied that he had just left the New Richmond Hotel; that, prior to the arrest, one of the officers noticed a gun butt protruding from appellant's waistband; that appellant was then placed under arrest; that, during the process of the arrest, appellant threw an object onto the sidewalk which was retrieved by one of the officers, and found to be a package of marijuana; that a search of appellant's person revealed more material of the same type.

█ We hold that the conclusion of the trial court, that the arrest to which the search was an incident was based on probable cause, is amply supported by the evidence. The court's denial of the motion to suppress was not error. A search without a warrant may be made incident to an otherwise lawful arrest without a warrant where the arresting officer had reasonable grounds to believe that a felony *had been,* was being, or was about to be committed. *State v. Biloche,* 66 Wn.2d 325, 402 P.2d 491 (1965), and cases therein cited.

It is next contended that the court erred in admitting into

evidence the .38 automatic pistol and clip found on appellant at the time of his search.

In his opening statement to the jury, the prosecuting attorney related the circumstances of the arrest, including the fact that appellant had been in possession of the weapon at that time. No objection was voiced by appellant to this statement by the state.

Appellant's attorney then made an opening statement in part as follows:

> We have nothing but the defendant to call. Our evidence from him and from the State's case will show that this man has a prior record. He was convicted just a few weeks ago of a felony and has been sentenced to the penitentiary on that.
>
> . . . .
>
> [I]t is the claim of this man that he has been railroaded in this case . . . .

The state's witnesses then testified substantially as they did at the prior hearing on the motion to quash. No objection by appellant was interposed to the following testimony of an arresting officer:

> A. . . . I opened the car door and started to get out. I seen what appeared an automatic pistol butt showing out from behind his coat, which was open. . . . I took a pistol out of his waistband and then proceeded to search his person . . . . Q. And who disarmed the defendant? Who took the weapon off him? A. I did. Q. And what was done with the weapon at the time you took it from him? A. I stuck it in my waistband. Q. And at the time was the weapon loaded? A. Yes, it was. It had one round in the chamber and one in the magnum— pardon me; the clip. Q. What eventually happened to the weapon? Did you place it in evidence in the Police Department? A. No, sir. When we reached the station I turned the gun, all the evidence over to my partner, and he placed it in the police property room.

Appellant himself took the stand and, on direct examination, testified that he was in possession of the gun at the time of the search. It has been suggested that, notwithstanding the appellant's failure to object, error occurred because the weapon was adverted to during the unfolding

of the state's case. In *State v. Mode,* 57 Wn.2d 829, 360 P.2d 159 (1961), not cited by counsel, this suggestion is answered. The defendant was on trial for carnal knowledge. A witness for the state, not the wife of the defendant, testified without objection that she had had a child fathered by the defendant. It was contended that the trial court erred in permitting this proof of an unrelated crime, *i.e.,* adultery. The defendant himself had testified on direct examination that he had lived with the witness for a number of years. In disposing of the alleged error, we said, at 837: "The answer is that there was no objection to the question. Moreover, appellant himself testified on direct examination that he had lived with Mrs. L................ and the children as a family for a number of years."

The weapon and clip were thereafter offered into evidence, and only then was objection made by appellant. The weapon and clip were admitted, but the court, in doing so, admonished the jury:

> I do want to impress upon you that while there may be evidence of other offenses here such as unlawful possession of a gun and so on, please bear in mind that you will consider this testimony only as it bears on the specific charge here, the charge being unlawful possession of a narcotic drug.

Thus, the fact of appellant's possession of the weapon was revealed to the jury several times during the course of the trial, and without appellant's objection. True, objection was made to its admission into evidence, but the jury was cautioned by the court that the exhibits were only to be considered by them insofar as they had a bearing upon the unlawful possession of the narcotic drug. While the reception of the weapon may have been error, we fail to see, under the circumstances of this case, how any possible prejudice could have resulted. We have the testimony of the state, to which appellant did not object, as well as the testimony of appellant himself, that he was in possession of the weapon at the time of his arrest. We are not willing to say that a jury of reasonable men, already having been apprised of the fact that appellant had been in possession

of a weapon at the time of his arrest, could have been swayed in its decision by the admission of that weapon into evidence.

Judgment affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.

February 8, 1966. Petition for rehearing denied.