**Samuel P. JACKSON, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6564.**

United States Court of Appeals First Circuit.

Heard Oct. 6, 1965.

Decided Dec. 27, 1965.

Albert F. Cioffi, Everett, Mass., for appellant.

Paul F. Markham, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and SWEENEY, District Judge.

ALDRICH, Chief Judge.

The defendant, Samuel Jackson, convicted of armed robbery of a federally insured bank, unsuccessfully moved to suppress the introduction into evidence of a revolver taken from his apartment without a search warrant. The search was a proper incident of his arrest, and an arrest warrant had been duly issued. However, there is some question concerning the manner in which the arrest was executed.

The evidence at a pretrial hearing pursuant to F.R.Crim.P. 41(e) disclosed that at about 7:30 A.M. on June 4, 1964, two FBI agents, accompanied by four Boston police officers, knocked on the outer door of a building in which they knew the defendant had an apartment. One of them "hollered," "Sam, police." They waited "about ten seconds," and hearing no response pushed against the door, breaking the lock. Immediately opposite this door was defendant's door. They pushed it open and entered the apartment. It is undisputed that, because of the building's construction, talking or knocking, at the outside door was readily audible inside the apartment.

■ Defendant asserts that the officers failed to observe the requirements of 18 U.S.C. § 3109.* The government argues that state, not federal, law controls the legality of the arrest; that Massachusetts does not have similar requirements; and that a request for permission to enter is unnecessary if it would expose the arresting officers to danger of bodily harm.

■ We agree with the government that state law controls. See Ker v. State of California, 1963, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed.2d 726. Massachusetts has no pertinent statutes, but its decisions recognize the common law duty, see Miller v. United States, 1958, 357

---

* "*Breaking doors or windows for entry or exit.*

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

If this statute were applicable, a warrant for arrest would give no greater rights. Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190.

U.S. 301, at 306–309, 78 S.Ct. 1190, 2 L. Ed.2d 1332, of arresting officers to give "proper notification of the purpose of the entry, and [make] a demand upon the inmates to open the house * * *" Barnard v. Bartlett, 1852, 10 Cush. 501, 503; see Commonwealth v. Reynolds, 1876, 120 Mass. 190, 196. These requirements are, of course, designed to allow the householder the opportunity to open his own door rather than suffer a forcible entry. See Masiello v. United States, 1963, 115 U.S.App.D.C. 57, 317 F.2d 121.

Assuming that the Massachusetts court would permit exceptions, see Commonwealth v. Rossetti, Mass.1965, 211 N.E. 2d 658, a reasonable apprehension of harm is commonly regarded as an excuse for the officers' not announcing their presence. See Ker v. State of California, supra, at 374 U.S. 39–40, 83 S.Ct. 1623; Miller v. United States, supra, 357 U. S. at 309, 78 S.Ct. 1190. However, there was no testimony here that the officers feared for their safety. Indeed, the government's present suggestion that they did is difficult to reconcile with the fact that they announced themselves and waited at all. Cf. United States v. Barrow, E.D.Pa.1962, 212 F.Supp. 837, 847.

■ A ten-second wait seems to us an exceedingly short time under most circumstances. In the present case, however, there was evidence that before they knocked, the officers heard someone moving in the defendant's apartment. The defendant in fact conceded that he had been moving about. Ten seconds might be a short time for him to reach both doors, but ten seconds of silence in this case could mean that the occupant had not even started, and hence was not going to. Under the circumstances we will not rule as matter of law that it was unreasonable for the officers to conclude after a period of ten seconds that they were not going to be admitted. Cf. McClure v. United States, 9 Cir., 1964, 332 F.2d 19, cert. den. 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963.

■ Although defendant does not raise the point, we must observe that the officers' bare announcement, "Sam, police," did not "notify the [occupant] * * * that they demanded admission to his apartment for the purpose of arresting him." Miller v. United States, supra, 357 U.S. at 310, 78 S.Ct. at 1196. There should have been a reference to the warrant. Fortunately for the government, the defendant himself supplied the testimony justifying the court's denial of his motion in this particular respect. He testified that the doors were so thin that not only could he have heard a knocking on the street door, but "if you even spoke I would have heard your normal voice," and that if the officers had so much as rapped and said they were the police he would have opened the door. By this he doubtless sought to persuade the court of the correctness of his assertion that they did neither. He cannot complain if, instead, the court chose to believe that the police did both, and took the defendant at his word that he did not hear, when he could reasonably have been expected to. The government cannot be faulted for deficiencies having no prejudicial effect.

Affirmed.