[No. 38597.    Department Two.    December 29, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL SCHWARTZENBERGER, *Appellant*.*

*Kroum & Bass* and *Gary F. Bass* (Appointed counsel for appeal), for appellant.

*Charles O. Carroll* and *John S. Ludwigson*, for respondent.

BARNETT, J.†—The defendant Schwartzenberger and one Robert Crites were charged jointly with unlawful posses-

*Reported in 422 P.2d 323.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

sion of narcotics, namely, marijuana. They both pled not guilty, waived their right to a jury trial and were tried by the court sitting without a jury. Schwartzenberger was convicted as charged and the charge against Crites was dismissed. From the judgment of conviction Schwartzenberger appeals.

The court made the following findings of fact:

> It is u n d i s p u t e d that the defendant Daniel R. Schwartzenberger together with the co-defendant Robert Crites entered the Rainbow Cafe on the 2nd day of July, 1965 and escaped after the theft of a sum of money; that upon departing from the cafe they entered a 1957 Cadillac and proceeded a short distance from the scene, whereupon they became caught in heavy traffic with the defendant Schwartzenberger behind the steering wheel of the automobile.
>
> Both parties stipulated that the arrest was with probable cause. Immediately after the arrest, prior to a search of a [the] vehicle, the Cadillac was moved to a distance of approximately 100 feet due to heavy traffic conditions. The arresting officers then undertook a search of the vehicle and found quantities of marijuana in both the glove compartment and trunk of the vehicle. A sum of money was also recovered. Both defendants were thereafter charged with the crimes of Grand Larceny and Violating the Uniform Narcotic Law, to wit: by unlawfully possessing marijuana.

No error is assigned to the trial court's findings of fact, hence they become established facts of the case. *Seattle v. Reel,* 69 Wn.2d 227, 418 P.2d 237 (1966); *Obde v. Schlemeyer,* 56 Wn.2d 449, 353 P.2d 672 (1960).

The court found that both parties stipulated that the arrest was with probable cause. The only assignment of error relates to the admitting in evidence, over the timely motion of defendant to suppress, the material in the plastic bag found in the glove compartment,[1] which was later determined to be marijuana. In support of this assignment of error the defendant claims that the search and seizure

---

[1] The trial court held that the material found in the trunk of the automobile should be suppressed. The propriety of that ruling is not before this court and we do not express an opinion.

was not contemporaneous with, and incidental to the arrest.

The evidence shows that the defendant, at the time of his arrest, was with Crites in the automobile. The two men were removed from the car and handcuffed. Their persons were searched, then they were placed in a patrol car and driven in the custody of officers to the Renton police station. Immediately after the arrest, at a time when the defendant and Crites were being taken away from the scene of the arrest, but prior to a search of the automobile, it was moved approximately 100 feet to an off-street parking spot due to heavy traffic conditions. The arresting officer then undertook a search of the vehicle.

The defendant contends that because the car was moved 100 feet from the place of arrest coupled with the fact that the search was conducted while the defendant and Crites were handcuffed and on their way to the police station, the search was not incident to the arrest. The defendant asserts that there was no reason to search for weapons since both men were in custody, hence no threat to the safety of the officers. Furthermore, it is argued that there was no possibility of destruction by third parties of the fruits of the crime, therefore, concludes the defendant, there was no impediment to leisurely obtaining a search warrant.

To buttress his contention the defendant relies heavily upon *Preston v. United States,* 376 U.S. 364, 11 L. Ed. 2d 777, 84 Sup. Ct. 881 (1964).

The Supreme Court of Kansas has very well summarized the facts and holdings in *Preston, supra,* as follows:

> In *Preston* the defendant and three others were convicted in the United States District Court on a charge of conspiracy to rob a federally insured bank. The conviction was based to some extent upon evidence obtained in the search of a motor vehicle. The evidence disclosed that the police received a telephone complaint at three o'clock one morning that "three suspicious men, acting suspiciously" had been seated in a motorcar parked in the business district since ten o'clock the evening before. The police went to the place where the car was parked and questioned the men, who gave evasive and unsatisfactory answers about why they were there at that time of night.

They admitted they were unemployed, and one of the men said he had bought the car the day before, but he could not produce any title. The sum total of the assets on their person amounted to only twenty-five cents. The officers arrested the men for vagrancy, searched them for weapons, and took them to police headquarters. The car was not searched at the time of the arrest but was driven by an officer to the police station from which it was then towed to a garage. Soon after the men had been booked several officers went to the garage, and upon searching the automobile, found two loaded revolvers in the glove compartment. The trunk was locked and the officers returned to the station. Subsequently a detective directed one of the officers to go back and try to gain entry to the trunk. This was accomplished, and the contents of the trunk disclosed the presence of caps, women's stockings (one with mouth and eye holes), rope, pillow slips, an illegally manufactured license plate equipped to be snapped over another plate, and other items. These articles were admitted into evidence over timely objections. The Supreme Court, without deciding the question of the validity of the arrest, held that the search was too remote in time or place to have been made as incidental to the arrest, and, therefore, concluded that the search of the car, without a warrant, failed to meet the test of reasonableness under the fourth amendment. *State v. Wood*, 197 Kan. 241, 416 P.2d 729, 731, 732 (1966).

We find significant differences between *Preston* and the present case. In the instant case we are dealing with an arrest with probable cause to believe that the defendant had committed a robbery a few minutes prior to the arrest, and it would be reasonable to believe that the defendant still had the fruits of the crime in his possession. In *Preston, supra,* the arrest was only on a charge of vagrancy. Here the search was begun as soon as the car had been moved to a more convenient and less hazardous spot, not after the suspects had been booked and the car impounded and taken to a garage for safekeeping. We believe that *Preston, supra,* does not demand a ruling that the search in the present case was unreasonable.

■■ It is well accepted that the police may properly make a search without a search warrant of a person or

things under his immediate control as incident to a valid arrest of that person in order to find the fruits of the crime or to forestall attacks on the arresting officers with hidden weapons. *United States v. Rabinowitz*, 339 U.S. 56, 94 L. Ed 653, 70 Sup. Ct. 430 (1950); *State v. Taplin*, 67 Wn.2d 610, 409 P.2d 169 (1965). The fact that the defendant was not present did not prevent the search from being incidental to the arrest. *Crawford v. Bannan*, 336 F.2d 505 (6th Cir. 1964).

The Kansas case, *State v. Wood*, 197 Kan. 241, 416 P.2d 729 (1966), (which was not cited in the briefs), held that the search of an automobile approximately 20 minutes following defendant's arrest in the automobile and after it had been moved to the county jail, was incidental to the arrest although the defendant was not present. The court said, p. 733:

> The question of reasonableness of a search must be resolved from the facts and circumstances of each particular case. Our view of the evidence in the instant case is that the arrest of the defendant, the removal of the automobile and its search were a series of events constituting one continuous happening. Under such circumstances, the search occurred substantially contemporaneous with and incidental to the arrest.

We approve of the reasoning of the Kansas court. The facts in the instant case show, without a doubt, that the search occurred substantially contemporaneous with and incidental to the arrest. It was not remote in time or place from the arrest. Certainly this was a reasonable search in the circumstances.

■ There is another prong to defendant's contention, although not expressly so stated. In connection with his argument that the search was not incidental to the arrest, he asserts there was ample time to procure a search warrant, implying that if the police could have reasonably gotten a search warrant a search without it was unreasonable. This contention is met in *United States v. Rabinowitz*, *supra*, pp. 65, 66:

A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a *sine qua non* to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. . . .

It is appropriate to note that the Constitution does not say that the right of the people to be secure in their persons should not be violated without a search warrant if it is practicable for the officers to procure one. The mandate of the Fourth Amendment is that the people shall be secure against *unreasonable* searches. It is not disputed that there may be reasonable searches, incident to an arrest, without a search warrant. Upon acceptance of this established rule that some authority to search follows from lawfully taking the person into custody, it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant, for the warrant is not required. . . . The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.

From the above we conclude that since the search of the car driven by Schwartzenberger has been found to have been reasonable as incident to a valid arrest, the fact that there was time to procure a search warrant before conducting the search does not render that search unreasonable on the factual pattern of the instant case.

The judgment is affirmed.

Rosellini, C. J., Donworth, Finley, and Hamilton, JJ., concur.