[No. 135-39499-2.   Division Two.   June 22, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. JON W. MARTIN, *Appellant.*

*Nicolai, Montgomery & Sorrel* and *Norman Brown Binns,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Robert Wacker,* for respondent.

PEARSON, J.—The appellant, Jon W. Martin, was charged with various crimes involving assaults of a sexual nature upon women in the Seattle area. He was found by a jury to be guilty of kidnapping in the first degree, sodomy, and four counts of assault in the second degree. Judgment and sentence were entered on February 1, 1967. Defendant's appeal[1] challenges the lawfulness of the search and seizure of certain items and their admission in evidence against him.

Defendant was arrested without warrant in the late afternoon of September 29, 1966 in Seattle. There is no question that the police had probable cause to arrest him, and defendant has conceded as much on appeal.

Acting on information obtained from the family of defendant, two police officers went to the Seattle hotel where they had reason to believe defendant was staying. The police spotted defendant as he was sitting in his car, parked on Madison Street, in the same block as the hotel where he resided. The police car was double parked nearby, alongside defendant's car, and the two arresting officers approached defendant as he sat behind the wheel reading a newspaper. Defendant was immediately told that he was under arrest, removed from his car, handcuffed, and placed in the back seat of the patrol car, where he was "informed of his rights."

The two officers then got into the police car and, because they were double parked and obstructing traffic, drove to a grocery store parking lot about half a block away. The police officers testified that one of them immediately returned to defendant's car and completely searched it, in-

---

[1]The perfection of this appeal has been delayed because it was determined subsequent to the trial that defendant was mentally incapable of assisting his attorney to perfect the appeal. On August 29, 1969 the King County Superior Court found that defendant was restored, and the Supreme Court entered an order (No. 39499) quashing its earlier order staying this appeal.

cluding the glove compartment and trunk. In the automobile, the police found photographs of nude women which had been placed between the leaves of a magazine found stuffed down between the rear seat cushions. Some of these were photographs of the assault victims, allegedly taken by the defendant. The police also found a camera case in the trunk. These items were seized and introduced in evidence at the trial.

After the search of the car, the police asked defendant if they could search his hotel room. Defendant voiced no objection to such a search and, in fact, the police testified that he urged them to search the room. When the police officers told defendant that he would have to accompany them on the search of the room, he refused, unless his handcuffs were removed. The search of the room was made with defendant present and in handcuffs. However, the officers testified that they placed his coat over his wrists in such a way that the handcuffs could not be seen. The only item seized in the hotel room was an adhesive tape dispenser, which was admitted in evidence. The state claims the tape dispenser was used by defendant in taping up the victims' eyes.

The issue before us is whether the warrantless searches of the defendant's car and of the defendant's hotel room were legal.

The defendant has argued that the important decision of the United States Supreme Court, *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969), renders the search of the defendant's car illegal. *Chimel* was decided June 23, 1969, over 2½ years after the search involved in this case. The state has countered by claiming that the standards of *Chimel* should not be applied retroactively to searches made before the decision.[2] We agree.

The United States Supreme Court has not yet decided the question of the retroactivity of the principles enunci-

---

[2]This court has been faced with the *Chimel* decision before, in *State v. Jones*, 2 Wn. App. 627, 472 P.2d 402 (1970). In dictum, we assumed that the *Chimel* decision was applicable to that case, however, the question of retroactivity was not then before this court.

ated in *Chimel. See Shipley v. California,* 395 U.S. 818, 23 L. Ed. 2d 732, 89 S. Ct. 2053 (1969). However, the question of the retroactivity of *Chimel* has been considered by several federal and state courts of appeal. The overwhelming majority of those courts has rejected retroactive application of the *Chimel* doctrine.[3] The following decisions are those in which the named court has considered and rejected retroactive application of *Chimel,* holding that its standards apply only to searches conducted after June 23, 1969: *United States v. Bennett,* 415 F.2d 1113 (2d Cir. 1969) *cert. denied; United States v. Shartner,* 426 F.2d 470 (3d Cir. 1970) filed 3/9/70; *Porter v. Ashmore,* 421 F.2d 1186 (4th Cir. 1970); *Lyon v. United States,* 416 F.2d 91 (5th Cir. 1969) *cert. denied; Turner v. United States,* 426 F.2d 480 (6th Cir. 1970) filed 5/7/70; *United States v. Blassick,* 422 F.2d 652 (7th Cir. 1970); *Williams v. United States,* 418 F.2d 159 (9th Cir. 1969); *Scott v. State,* 7 Md. App. 505, 256 A.2d 384 (1969); *State v. Bustamante,* 11 Ariz. App. 129, 462 P.2d 822 (1969); *DeRouen v. Sheriff, Washoe County,* 85 Nev. 637, 461 P.2d 865 (1969); *People v. Edwards,* 80 Cal. Rptr. 633, 458 P.2d 713 (1969); *State v. Reyes,* —— N.M. ——, 467 P.2d 730 (1970); *Thornton v. State,* 451 S.W. 2d 898 (Tex. Cr. App. 1970).

Many of the above-cited cases employ the reasoning of the United States Supreme Court in *Desist v. United States,* 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969), where the court held that the ruling of *Katz v. United States,* 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967), concerning wiretaps, did not apply to wiretaps conducted before the date of the *Katz* decision. We are in agreement with the growing number of appellate courts which limit *Chimel* to prospective application. The goal of deterring police searches rendered illegal by the *Chimel* decision would not be served by excluding evidence obtained by searches made before the decision was announced. More-

---

[3]We have located only one jurisdiction whose highest appellate court currently applies *Chimel* retroactively (to cases on direct appeal). *See Fresneda v. Alaska,* 458 P.2d 134 (Alaska 1969).

over, the police in this case (and undoubtedly many others) relied on the pre-*Chimel* standards concerning the scope of searches incident to an arrest. Given the large number of criminal cases involving search and seizure questions, we think there would be a detrimental burden on the administration of justice in applying the *Chimel* standards retroactively. For the reasons outlined above, we hold that the standards of *Chimel* should not apply to searches conducted before June 24, 1969.

■ Having decided that the *Chimel* standards do not apply to the search, we must determine the validity of the automobile search under the rules applicable to searches and seizures before *Chimel*. The pre-*Chimel* rules concerning search and seizure were delineated in *United States v. Rabinowitz*, 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430 (1950) and *Preston v. United States*, 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881 (1964). These cases established that police could search things under the immediate control of the person arrested, provided the search is substantially contemporaneous ("not too remote in time or place") to the arrest. Above all, the search must not be unreasonable under the circumstances of the case. *State v. Schwartzenberger*, 70 Wn.2d 103, 422 P.2d 323 (1966); *State v. Wilson*, 70 Wn.2d 638, 424 P.2d 650 (1967).

We think the search of the Martin automobile was reasonable within those standards, and was incident to a lawful arrest. The automobile was owned by and under the immediate control of defendant. Also, the search was made within minutes of the arrest, as soon as an officer could return to defendant's car after the police parked half a block away. The automobile search took place substantially contemporaneous with the arrest. *See State v. Schwarzenberger, supra.*

The defendant cites *Shipley v. California, supra,* to support his argument that this search was illegal under the pre-*Chimel* tests. However, that case dealt with the nonconsensual search of the house of an individual who was arrested as he alighted from his car. That decision held

unlawful the search of the house; it did not hold unlawful the search of Shipley's automobile. It is thus distinguishable from this case.

The defendant has asserted that no valid consent was given to the search of his hotel room. He claims that his consent was not unequivocal because it contained a condition regarding the removal of the handcuffs, and this condition was not satisfied by the police. Defendant also argues that the consent was not fully informed because he did not know he had the right to refuse. See McNear v. Rhay, 65 Wn.2d 530, 398 P.2d 732 (1965).

■ Addressing the second point first, we, like the state, cite the case of State v. Lyons, 76 Wn.2d 343, 458 P.2d 30 (1969), which holds that there is no requirement that officers requesting to search the premises preface such a request with a recital to the occupants of their constitutional rights. Also, the corroborated testimony that defendant urged the police to search his hotel room (because he was certain they would find nothing) tends to prove that defendant would not have refused, had he been told he could.

The consent was unequivocal when it was initially given. The question is whether the defendant withdrew his consent when the police refused to remove the handcuffs. There was no evidence that the defendant continued to object to the handcuffs after they were covered with his coat. The defendant did not testify that he withdrew his consent to the search or refused to accompany the police to his room after the handcuffs were hidden. Absent such testimony, we must conclude that the search of the hotel room at the urging of the defendant was done with his consent.

Judgment and sentence are affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.

Petition for rehearing denied August 3, 1970.