THE STATE OF WASHINGTON, *Respondent,* v. BEN COLEMAN
*et al., Appellants.*

*Etter & Etter, R. Max Etter, Sr., Smith, Smith & Smith,*
and *Lawrence Cary Smith,* for appellants.

*Donald C. Brockett, Prosecuting Attorney,* for respond-
ent.

GREEN, J.—In *State v. Coleman,* 1 Wn. App. 315, 461 P.2d
351 (1969), we affirmed the conviction of defendant Ben
Coleman on four counts of being a common gambler (RCW
9.47.010) and three counts of possession of gambling de-
vices (RCW 9.47.030). Convictions of two other defendants,
David L. Goree and William V. Priest, of gambling (RCW
9.47.020) were also upheld. Thereafter, defendants timely
petitioned for a rehearing challenging for the first time the
admission into evidence of certain gambling apparatus and

paraphernalia on the ground they were the products of an illegal arrest, search and seizure.

The trial judge never had an opportunity to rule upon these issues because they were not raised during the trial. In fact, they were not raised in the briefs or in initial argument on appeal. Following the trial and while this case was pending on appeal and after the briefs on appeal were filed, the United States Supreme Court on June 23, 1969 decided *Chimel v. California*, 395 U. S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). In *Chimel*, the court sharply limited constitutional search and seizure incidental to a warrantless arrest to the arrestee's person and the area "within his immediate control", limiting the latter to the area from within which he might gain possession of a weapon or destructible evidence. The defendants, in support of their petition for rehearing, urge that *Chimel* should be applied retroactively. Since *Chimel* had not been decided at the time of trial, the defendants could not be held to have anticipated this change in the law. By reason thereof, defendants cannot be held to have anticipated an objection to the admission of this evidence upon the grounds stated in *Chimel*. Consequently, we granted the petition for rehearing to consider whether or not *Chimel* should be applied retroactively.

In keeping with the overwhelming majority of those courts that have considered the retroactive application of *Chimel* Division II of the Court of Appeals in *State v. Martin*, 2 Wn. App. 904, 472 P.2d 607 (filed June 22, 1970) rejected retroactive application of *Chimel* holding that its standards apply only to searches conducted after June 23, 1969. We agree with the reasoning of that opinion and the cases cited therein in support of its conclusion.

Even if *Chimel* does not apply, defendants contend the officers made an illegal entry, arrested defendants without a warrant and conducted a search incidental to arrest that was illegal by pre-*Chimel* standards. None of these contentions were presented to the trial judge nor urged upon this court until the petition for rehearing was filed on appeal.

Defendants at no time moved to suppress the now claimed tainted evidence on any of the above grounds. No opportunity was given the trial judge to rule upon these objections. In *State v. Baxter*, 68 Wn.2d 416, 413 P.2d 638 (1966), a defendant charged with burglary in the second degree waited until after the prosecution rested its case to move for suppression of certain admitted evidence on the ground of illegal search and seizure incident to arrest. Like the instant case, no such objection was made at the time the evidence was admitted, although all of the facts and circumstances surrounding the arrest were known by defendant. In sustaining a denial of the motion for suppression, the court said at pages 422-423:

> We adhere to the rule that, when a defendant wishes to suppress certain evidence, he must, within a reasonable time before the case is called for trial, move for such suppression, and thus give the trial court an opportunity to rule on the disputed question of fact. *State v. Robbins*, 37 Wn.2d 431, 224 P.2d 345 (1950). There is a reason for this rule, and that is to allow the trial, once begun, to proceed in an orderly fashion to its conclusion, without the necessity of stopping it to try collateral issues. On the other hand, where it appears during the trial that the evidence was illegally obtained, there being no substantial question of fact on this issue, it is the *duty* of the court, *upon objection*, to refuse to admit it. *State v. Robbins, supra.* . . .
>
>     . . .
>
> The exclusion of improperly obtained evidence is a privilege and can be waived. *State v. Smith*, 50 Wn.2d 408, 314 P.2d 1024 (1957) [*sic*]. While it is true that both our state and federal constitutions protect us from unreasonable searches and seizures, it is also true that, in order to preserve these rights, persons claiming benefits thereunder must seasonably object. See *Segurola v. United States*, 275 U. S. 106 72 L. Ed. 186, 48 Sup. Ct. 77 (1927).

Defendants were fully aware of the circumstances surrounding their arrest at the time the alleged illegally seized items were offered into evidence. They chose to remain silent. Their contentions belatedly brought to our attention

for the first time on rehearing come too late and must be denied. *State v. Baxter, supra. State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539 (1967).

Judgment and sentence are affirmed.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied July 14, 1970.