BEN COLEMAN, *Petitioner*, v. WILLIAM J. REILLY,
*Respondent.*

*R. Max Etter*, for petitioner.

*Donald C. Brockett, Prosecuting Attorney*, for respondent.

MUNSON, J.—This matter first came before this court in *State v. Coleman*, 1 Wn. App. 315, 461 P.2d 351 (1969), an appeal from a conviction for illegal gambling. The factual context of the events mentioned below are set forth therein. A petition for rehearing was granted, after substitution of appellate counsel, and the judgment reaffirmed. *State v. Coleman*, 2 Wn. App. 982, 471 P.2d 689 (1970). Petition for review was denied by the Washington State Supreme Court. *State v. Coleman*, 78 Wn.2d 994 (1970).

Petitioner then filed a petition for writ of habeas corpus in the United States District Court, Eastern District of Washington, Northern Division. That court referred the matter back to this court for the answer of three interrogatories, namely:

1. Was there an intentional bypass of the right to make a motion to suppress the evidence introduced in the trial on the ground that it was obtained in violation of the Fourth Amendment rights of the petitioner?

2. Did the petitioner through his counsel make a

knowing waiver of his right to object to the introduction of the evidence at the time it was offered at the trial?

3. If either of the two above questions are answered in the negative was the Fourth Amendment to the Constitution of the United States violated by the manner of the search and entry, conducted without an arrest warrant or a search warrant, and did the search of the residence and seizure of the evidence violate the pre-*Chimel* rule of unlawful search and seizure at the time of an arrest?

The federal court also held any further proceedings therein in abeyance, subject to petitioner filing an application for writ of habeas corpus in the Court of Appeals of the State of Washington.

Petitioner filed his application for writ of habeas corpus in this court. By order of reference, we remanded the matter to the Superior Court of Spokane County for an evidentiary hearing on the questions propounded by the federal court, requesting that after determination of such questions, the matter be returned to this court for consideration. The superior court held said evidentiary hearing and answered each interrogatory in the negative. The matter is now before this court on the original application for writ of habeas corpus filed herein.

Final disposition of this writ requires a review of the trial court's answers to the interrogatories. The first two answers presented the conclusion that petitioner had not knowingly waived or intentionally bypassed his rights with respect to suppression of the evidence seized in his house. These answers were based principally on factual determinations which are supported by substantial evidence. The only issue before this court concerns the negative answer to the third interrogatory.

As can be seen from the facts set forth in *State v. Coleman*, 1 Wn. App. at 317-18, two members of the police department, without disclosing their official identity, went to the home of petitioner to engage in gambling games on February 2, 1968. They entered the home at about 10:30 p.m. and participated in a game. After losing most of their money they departed, returning with more money at ap-

proximately 1:30 a.m., February 3. The number of people present had increased during their absence. At approximately 2 a.m. a man arrived at the house who the officers feared could identify them. They departed the premises and returned to the police department. A raiding party was promptly organized and proceeded to the residence. The officers who had been participating in the game entered the premises first, followed by other officers. They observed the gambling games being conducted and promptly arrested the participants and searched the premises.

The primary question before this court is whether constitutional search and seizure standards, as well as RCW 10.31.040, were violated by the officers' failure to give notice of their office and purpose prior to entry.[1] We are constrained to hold, contrary to the trial court, that entry into petitioner's residence was in violation of RCW 10.31.040 and the Fourth Amendment prohibition against unreasonable searches. Any evidence subsequently obtained is inadmissible under the "fruit of the poisonous tree" doctrine. *State v. Young*, 76 Wn.2d 212, 455 P.2d 595 (1969); *State v. Miller*, 7 Wn. App. 414, 499 P.2d 241 (1972); *State v. Hatcher*, 3 Wn. App. 441, 475 P.2d 802 (1970).

As those cases indicate, the requirement of announcement of identity and purpose has long been established in the common law. However, it was not until *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963), that the Supreme Court of the United States raised to constitutional status the requirement of announcement of identity and purpose as an essential element of a reasonable search.[2]

---

[1]RCW 10.31.040 provides:

"To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other inclosure, if, *after notice of his office and purpose*, he be refused admittance." (Italics ours.)

[2]Other Supreme Court cases dealing with this issue were decided on statutory, not constitutional, grounds. *Miller v. United States*, 357 U.S. 301, 2 L. Ed. 2d 1332, 78 S. Ct. 1190 (1958); *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *Sabbath v. United States*, 391 U.S. 585, 20 L. Ed. 2d 828, 88 S. Ct. 1755 (1968).

Exceptions to this constitutional requirement of announcement of identity and purpose before entry have been allowed where exigent circumstances so required. In *Ker* the court split four to four over whether there were sufficient exigent circumstances present to allow a no-knock entry. Some examples of such exigent circumstances are: *Gilbert v. United States*, 366 F.2d 923, 931-32 (9th Cir. 1966) (peril to the safety of the arresting officer); *Jackson v. United States*, 354 F.2d 980, 982 (1st Cir. 1965), *Ker v. California, supra* at 39-40, *Miller v. United States*, 357 U.S. 301, 310, 2 L. Ed. 2d 1332, 78 S. Ct. 1190 (1958) (danger that the accused might flee); *People v. De Lago*, 16 N.Y.2d 289, 290-91, 266 N.Y.S.2d 353, 354-55, 213 N.E.2d 659 (1965), *People v. Gastelo*, 67 Cal. 2d 586, 432 P.2d 706, 63 Cal. Rptr. 10 (1967) (the need to prevent the destruction of evidence).

In some instances recognition has been given to a blanket rule allowing entry without announcement based on the type of crime or evidence involved, *i.e.*, narcotics and gambling. *People v. De Lago, supra; State v. Smith*, 37 N.J. 481, 181 A.2d 761 (1962). However, we concur with *State v. Hatcher, supra*, that there must be more than mere suspicion on behalf of the police officers that evidence will be destroyed before they are justified in making an unannounced entry.

Here, the sole argument is that after hearing sounds of gambling the officers were suspicious that the evidence would suddenly disappear if they announced their entry and such suspicion justified entry without announcement. We do not believe such to be the law in this state. Unannounced entry requires a basis other than mere suspicion that evidence is about to be destroyed. In each of the cases decided there was some action or noise which precipitated the entry: *United States v. Cisneros*, 448 F.2d 298 (9th Cir. 1971) (grounds to believe defendant was running and attempting to escape); *United States v. Burruss*, 306 F. Supp. 915 (E.D. Pa. 1969) (grounds to believe drugs were to be destroyed); *State v. Mitchell*, 6 Ore. App. 378, 487 P.2d

1156 (1971) (grounds to believe defendants would attempt to hide or destroy drugs); *People v. Floyd,* 56 Misc. 2d 373, 288 N.Y.S.2d 950, 955 (1968) (grounds to believe defendant would attempt an escape).

The case most in point is *State v. Darroch,* 8 Ore. App. 32, 492 P.2d 308 (1971) in which Department 1 of the Court of Appeals of Oregon split two to one against the position that we now adopt. Therein a special agent of the United States Bureau of Narcotic and Dangerous Drugs, acting in an undercover capacity, was involved in the purchase of drugs. He left the apartment of the seller to go to his car to obtain money for payment, leaving the front door of the residence slightly ajar. Once at his car, he informed other agents that he had observed 5 pounds of hashish in the apartment. These agents, accompanied by other officers, converged upon the apartment pushing open the open door, identified themselves and ordered defendants to place their hands against the wall. A majority of the court upheld this entry on the basis that there had been an implied invitation to the undercover agent to return, the invitation extending to others working with him who were similarly empowered to act. Inasmuch as this agent could have effected a valid arrest and executed a valid search warrant after having been invited upon the premises, the other officers were extended these same rights. We disagree. As the dissent in *State v. Darroch, supra* at 39, points out:

> One cannot imply a consent by the lawful occupiers of a dwelling running to a person or to a class of persons whose very existence is unknown to the persons in possession. The majority does not conclude that exigent circumstances were present here. . . .
>
> . . .
>
> Since it is conceded that Richardson [the first officer through the door] did not make his purpose known as the statute requires, I can find no basis consistent with the statutory language to uphold the entry here. . . . Neither in my view does the fact that Agent Holm left the door so that "there was light between the frame and the door about the width of an inch" change the situa-

tion. Nothing was visible through that tiny aperture. No crime was being committed in the officers' presence.

Therefore, we conclude that the unannounced entry herein, without exigent circumstances to justify it, was illegal. All evidence subsequently obtained was unlawfully obtained and not admissible.[3]

The relief sought is granted; judgment is reversed and the case is remanded for a new trial.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied April 30, 1973.

Review denied by Supreme Court June 20, 1973.

[No. 584-3.    Division Three.    April 11, 1973.]

---

[3]Having so found, we do not reach the issue of whether the officers' conduct was violative of RCW 10.79.040. *Cf. State v. Sanders*, 8 Wn. App. 306, 309-13, 506 P.2d 892 (1973).